Ellis & Gresham *v.* Ellis.

*(Jackson.* April 15, 1893.)

NEW TRIAL. *Within what time granted.*

A new trial cannot be granted after the expiration of thirty days from the rendition of the judgment, unless within that time the Court, for good cause shown, has given an extension of time for that purpose. The Court's action granting a new trial after expiration of thirty days from rendition of judgment, in the absence of any extension, is *coram non judice* and void.

Code construed: § 3832 (M. & V.) ; § 3119 (T. & S.)

Act construed: Acts 1885, Ch. 65.

Case cited and approved: Railroad *v.* Johnson, 16 Lea, 387.

---

FROM SHELBY.

---

Appeal from Circuit Court of Shelby County. L. H. ESTES, J.

G. W. WINFORD for Ellis & Gresham.

C. W. HEISKELL and MALONE & MALONE for Ellis.

WILKES, J. This was an action of replevin brought by A. B. Ellis before a Justice of the Peace for Shelby County for the possession of certain horses and mules. The trial was had December 21, 1891, but the decision of the Justice was

not rendered until January 23, 1892, when he gave judgment for plaintiff. The defendants appealed to the Circuit Court of Shelby County, executing necessary bond.

The papers were not returned into Court by the Justice until the twenty-second of March, 1892, and on the twenty-sixth of March, 1892, the case being called for trial, the defendants made no appearance, and the judgment of the Justice of the Peace was affirmed.

On the seventh day of May, 1892, a motion was made by defendants to set aside the judgment by default and to re-instate the case for trial on its merits. To sustain this motion, an affidavit of J. W. Gresham, one of the defendants, was presented to the Court, in which was stated that through the default of the Justice of the Peace, no counsel was marked upon the papers for the defendants, and that, when the case was called for trial in the Circuit Court, counsel for defendants was sick and could not be present. This was the substance of the affidavit presented on the motion.

In his assignment of errors in this Court, defendants' counsel makes the further statement that he made the motion to set aside the judgment so soon as he was able to attend Court; and, further, that at the time the cause was called for trial, the defendant, Gresham, was absent from the State.

These facts, however, do not appear to have been stated in the affidavit.

Upon argument, the motion to set aside the

judgment by default was sustained, and the cause was re-instated for a new trial.

At a subsequent term of the Court, and on the twenty-eighth of September, 1892, the case came on for trial, when the plaintiffs' attorney moved the Court to set aside the order of May 7, 1892, and to leave the final judgment of March 26, 1892, in force and effect.

On argument, this motion was granted, and the original final decree of March 26, 1892, was re-instated in full force and effect.

To this action of the Court, defendants excepted, and filed a bill of exceptions, and prayed an appeal to this Court, and the action of the Court on setting aside the order of the Court of May 7, 1892, is assigned as error.

By the Code, § 3832 of the compilation by Milliken & Vertrees, it is provided that a rehearing can be applied for only at the term of the Court at which the decree sought to be affected is rendered.

Until the passage of the Act of 1885, Chapter 65, this was construed to mean that such new trial might be granted at any time during the term at which it was rendered.

The first section of the Act of 1885, Chapter 65, provides that when an appeal, or appeal in the nature of a writ of error, is prayed from a judgment or decree of an inferior Court to the Supreme Court, the appeal shall be prayed for, and appeal bond shall be executed or the pauper

oath taken, within thirty days from the rendition of the judgment or decree, if the Court holds so long; otherwise, before the adjournment of the Court, but for satisfactory reasons, shown by affidavit or otherwise, and upon application made within thirty days, the Court may extend the time to give bond or take the oath in term or after adjournment, but in no case more than thirty days additional.

"Sec. 2. In all cases where the appeal has not been prayed for within the time prescribed in the first section of this Act, the judgment or decree may be executed."

There was no application made in this case for a new trial within thirty days from the rendition of the final judgment of March 26, 1892; nor is there any sufficient excuse given why such motion was not made within that time.

After the expiration of thirty days from the rendition of the final judgment, the Circuit Court had no power to set aside such judgment and grant a new trial, any more than he would have had if the motion had been made at a subsequent term of the Court. The entire proceedings had in the case after the expiration of thirty days from the date of the final judgment were *coram non judice* and void.

This change in the former practice necessarily results from the operation and terms of the Act of 1885, Chapter 65, before recited. *M. & C. R. R. Co.* v. *Ed Johnson,* 16 Lea, 387.

Ellis & Gresham *v*. Ellis.

The judgment of the Court below, of date of March 26, 1892, is affirmed, and remains in full force and effect.

The appeal of defendants, Gresham and S. L. Ellis, is dismissed with costs.