C. C. EVERETT, Executor, v. THOS. H. EVERETT, et. al.

Middle Section.   July 8, 1925.

No petition for Certiorari was filed.

1. Appeal and error.  If pleadings not before appellate court in a law case the judgment will be affirmed.

An action to determine the validity of a will on an issue of devisavit vel non is a law case and the appellate court cannot pass on the merits of the case without the pleadings and issues before the trial court, and in the absence of the pleadings, the judgment of the lower court must be affirmed.

2. New trial.  Amended motion for new trial must be filed before trial term adjourned or before original motion overruled.

When a motion for a new trial is filed the judgment is then suspended pending the consideration thereof, and at any time before the court passes on the motion, the party has a right to amend his motion and add in other grounds for a new trial, but after the motion has been once passed upon by the court and the order overruling the same is entered and the court has

adjourned to court in course, then it is too late to file an amended motion for a new trial.

### 3. New trial. Motion for new trial must be filed at trial term.

The motion for a new trial must be made-at the term at which the case is tried, and the same rule applies to a prayer for an appeal when no motion for a new trial is filed. The circuit judge has no power to enter upon his minutes motion for a new trial and a prayer for a grant of appeal after the close of the term at which the case was determined.

### 4. Judgments. Judgments cannot be disturbed or modified either by court or consent after adjournment of trial term.

After a final adjournment of the trial term no one, not even the judge himself, can disturb or modify the judgment entered at the trial term, except for clerical errors. The rule forbids the entering of orders materially affecting or changing judgments even by consent. -

### 5. New trial. Amended motion for new trial held filed too late.

In an action to contest a will where motion for new trial was filed and overruled and appeal granted and court adjourned to court in course and 13 days later an amended motion was filed which the court permitted to be marked filed as of date before court adjourned, held court had no authority to permit paper to be marked filed as of any other day than the day it was filed and since motion was not filed until after original motion overru'ed and term adjourned it came too late and appellate court would not consider objections raised therein.

Appeal in Error from Circuit Court, Wilson County; Hon. J. M. Gardenhire, Judge.

Affirmed.

F. P. McMillan of Lebanon and Seth Walker, of Nashville, for plaintiff in error, A. C. Everett.

Walter S. Faulkner, of Lebanon, for defendants in error, Thos. H. Everett, et al.

CROWNOVER, J. This was a will contest involving the validity of a paper writing alleged to be the last will and testament of Jesse Everett, late of Wilson county, who died at the Protestant Hospital in Nashville, Davidson county, Tennessee, in March, 1923. The paper writing offered for probate was dated February 23, 1923. The proceeding was on an issue of devisavit vel non in the circuit court of Wilson county, which resulted in a verdict and a judgment against the proponent and in favor of the contestants, declaring that said paper writing purporting to have been executed by Jesse Everett on said date was not the last will and testament of the said Jesse Everett, and the cost of the proceeding was taxed against the proponent and his sureties. The proponent filed a motion for a new trial setting out only one ground, to-wit:

"The plaintiff moved the court to grant a new trial upon the
· following grounds: First: The evidence preponderates against
the verdict of the jury in favor of the paper writing offered
for probate in this court."

The verdict of the jury was rendered on May 1, 1924, and a motion for a new trial was filed shortly thereafter. The court passed on this motion for a new trial and overruled the same on May 2, 1924, and the court adjourned to court in course on that day. The bill of exceptions states that the motion was filed in writing and overruled by the court and judgment pronounced in the case, and an appeal was prayed and granted, then the court adjourned to court in course, but there was no minute entry of the prayer for or grant of the appeal before the amended motion for a new trial was filed which will be hereinafter further discussed.

On May 16, 1924, thirteen days after the termination of the case in the court and after the court adjourned to court in course, the plaintiff in error presented a paper purporting to be an amended motion for a new trial to the trial judge, and asked that it be filed and considered as an amended motion for a new trial. At the direction of the trial judge the clerk dated this amended motion for a new trial back to May 2, 1924, when the court was in session. Neither this paper writing nor any paper writing raising any ground for a new trial, other than that "the evidence preponderated against the verdict," was before the trial judge while court was in session; and no other objection to the verdict, was made before the trial judge until after he had passed on the original motion and adjourned the court to court in course. The contestants strenuously resisted the filing of this amended motion for a new trial, but the court overruled their objection and directed the clerk to file the amended motion for a new trial dated back on May 2, 1924, thus making the minutes of the court show that the amended motion was made after he overruled the original motion, but showing that his action on said motion was made as if on May 2, 1924, before court adjourned; the court's explanation of the matter in the bill of exceptions being that the minutes of the court had not been signed and that he did not want to take any advantage of proponent.

The order on the minutes showed that the motion and amended motion for a new trial were marked filed on May 2, 1924, and by leave of court first obtained proponent filed his amended motion for a new trial, which was granted, and which is as follows:

"2nd: Because the court erred in failing and declining to charge the jury proponent's special request offered at the conclusion of the main charge and before the jury retired which is in the following words; to-wit; 'If you should find and believe from the evidence in this case, that before and after the execution of the paper writing in question the deceased was of unsound mind, but at times had lucid intervals, and at the time he executed the said paper it was in a lucid interval, that is to say, he knew what he was about, was capable of recollecting

the property he was about to bequeath, the manner of distributing it, and the objects of his bounty, then and in that event you should find in favor of the proponent will.' Declined because substantially charged.  Gardenhire, Judge.''

The court overruled this amended motion, to which the proponent excepted and appealed to this court, and has assigned only one error, that is, that the court erred in failing and declining to give proponent's special request in charge to the jury.  Counsel conceded that the first ground of the motion for a new trial was not valid in this court.

The appellees, contestants below, strenuously insist that the amended motion came too late and cannot be considered by this court; but there is another preliminary question that should be considered before we come to this question and that is, the record entirely fails to set out any of the pleadings or issues before the trial court.  There was a vast amount of proof introduced before the jury on the sanity of the decedent, Jesse Everett, which consists of two large volumes, but the transcript of the record only contains the minute orders, judgment, appeal bond and bill of exceptions and does not contain any of the pleadings or issues presented to the jury.  In fact it does not show how or where the suit originated or whether it was an issue devisavit vel non, other than inferentially from the bill of exceptions.

It is clear that we cannot pass on the merits of the case without the pleadings and issues before the trial court, and in the absence of the pleadings, in a law case, the judgment of the lower court must be affirmed.  See 4 Corpus Juris, 490.  Sect. 2234.

In actions at law an appeal in error only suspends the judgment, and it is incumbent upon the plaintiff in error to point out the errors relied upon, and, in the absence of the pleadings or a complete bill of exceptions, this court will presume that the lower court had jurisdiction and that there was sufficient evidence to warrant the judgment.

There is no question that an issue of devisavit vel non is a special statutory action at law.  See Pritchard on Wills and Adm., Sec. 338. However, had it been an equity case tried by a jury, under Section 4888 of the Code, such errors could be corrected only as errors are corrected in actions at law, and the doctrine laid down in the case of Hearst v. Proffit, 115 Tenn., 560, and other cases holding that an appeal in equity cases vacates the decree below, does not apply.

We might remand the case to supply defects, as provided by Shannon's Code, Sec. 4905, in order that justice be done, had we any assurance that the pleadings might be found in the lower court, but the record contains no intimation about the pleadings. However, after an examination of the record, we are convinced that if the pleadings

were supplied we could not consider the assignment of error on the amended motion on its merits, because the purported amended motion came too late and a remandment of the case for the supply of the pleadings, or the suggestion of a diminution of the record could serve no purpose.

-It is well settled in Tennessee, that a judgment or decree becomes final within thirty days after entry, unless the party files a motion for a new trial or appeals, which motion for a new trial or appeal must be entered on the minutes. In the event of the filing of a motion for a new trial, the judgment is then suspended pending the consideration thereof, and at any time before the court passes on the motion, the party has a right to amend his motion and add in other grounds for a new trial, but after the motion has been once passed upon by the court and the order overruling the same is entered and the court has adjourned to court in course, then it is too late to file an amended motion for a new trial.

The theory upon which an amended motion for a new trial may be allowed, even after court has adjourned or after the thirty days has elapsed, is that the judgment, although entered, is suspended pending the consideration of the motion for a new trial by the court. See, Railway and Light Co. v. Rogers, 5 Hig., 218, 223 Atkin v. Schenker, 4 Hig., 298.

It is elementary that the motion for a new trial must be made at the term at which the case is tried, and the same rule applies to a prayer for an appeal. The circuit judge has no power to enter upon his minutes a motion for a new trial and a prayer for a grant of an appeal after the close of the term at which the case was determined. After a final adjournment of the trial term, no one, not even the judge himself, can disturb or modify the judgment entered at the trial term, except for clerical errors. The rule forbids the entering of orders materially affecting or changing judgments even by consent. The solemn judgment of courts of record should be preserved involate and it would be dangerous to sanction their modification by agreement. Even a bill of exceptions cannot be amended after the expiration of the time in which to file it. These questions and the authorities have been ably reviewed by Judge Higgins in the case of Prudential Insurance Co. v. Sambucetti, 1 Hig., 127. See State v. Sneed, 21 Pick., 714. The judgment against the defendant at the May term of the court was final and nothing more remained to be done. The court did not and could not reserve the right to set aside or alter it after the adjournment of that term to court in course. The parties were discharged from further jurisdiction, and the court was divested of all control over them and the case. It could do nothing at a subsequent term affecting the judgment rendered. State v. Dalton, 1 Cates, 546-7.

Hence, it is clear that the trial judge had no further jurisdiction over the case after he rendered judgment overruling the motion for a new trial and after court had adjourned, although the minutes of the court had not been signed. He was without jurisdiction to entertain the amended motion for a new trial, and his attempt to have the same dated back to a time while court was in session was unwarranted in law. The solemn judgments of courts of record should be preserved inviolate, and a trial court should make all records speak the truth. Records and other documents should be marked filed on exact date that they are actually filed, and any other course should not be tolerated.

A statement in the minutes of the court may be shown by the bill of exceptions to be untrue. See Percer v. State, 10 Cates, 765; Insurance Co. v. Sambucetti, 1 Hig., 133.

The bill of exceptions having recited that the original motion for a new trial had been overruled and judgment pronounced in the case, and an appeal had been prayed and granted, and that the court had adjourned to court in course, we hold that the amended motion came too late. As the minutes of the court recited that the original motion for a new trial had been overruled, and the amended motion for a new trial had been overruled on the same date (May 2, 1924), to which the proponent excepted and prayed an appeal in the nature of the writ of error to this court, we hold that the appeal was perfected and the case is properly in this court, but the amended motion for a new trial having been filed too late, and the sole assignment of error being predicated on the amended motion for a new trial, we are of the opinion that the same should be overruled. The judgment of the lower court is therefore affirmed. The cost of the appeal is adjudged against plaintiff in error and his sureties on the appeal bond, for which execution may issue.

Faw, P. J., and DeWitt, J., concur.