E. Feldman *v.* Sheffied Clark.*

(*Nashville.* December Term, 1925.)

1. JUDGMENT. Motion in arrest of judgment must be made within thirty days after judgment, though motion for new trial is filed in the meantime (Pub. Acts 1885, chapter 65, sections 1, 2).

   Under Pub. Acts 1885, chapter 65, sections 1 and 2, motions for new trial, in arrest, or for judgment *non obstante veredicto* must be entered within thirty days after judgment, and motion in arrest made more than thirty days after judgment was properly overruled as coming too late, though motion for new trial had been filed within thirty day period. (*Post; pp.* 375-377.)

   Acts cited and construed: Acts 1885, ch. 65, secs. 1 & 2;

   Case cited and approved: Dunn v. State, 127 Tenn., 267.

   Cases cited and distinguished: Ellis & Gresham v. Ellis, 92 Tenn., 471; Railroad v. Ray, 124 Tenn., 16.

2. NEW TRIAL. Entry of motion for new trial within thirty days after judgment suspends judgment for purpose of disposing of motion for new trial only (Pub. Acts 1885, chapter 65, sections 1, 2).

   Under Pub. Acts 1885, chapter 65, sections 1 and 2, entry of motion for new trial within thirty days after judgment suspends judgment for purpose of disposing of motion for new trial only. (*Post, p.* 377.)

   Acts cited and construed: Acts 1885, ch. 65, secs. 1 and 2; Acts 1871, ch. 59.

3. JUDGMENT. Motion in arrest may be entered after entry of motion for new trial within thirty days after judgment and be heard after disposition of latter motion without waiving any of its benefits (Pub. Acts 1885, chapter 65).

Under Pub. Acts 1885, chapter 65, motion in arrest of judgment may
   be entered after entry of motion for new trial, but within thirty
   days after judgment, and be heard after disposition of motion for
   new trial without waiving benefit of motion for new trial.   (*Post*,
   p. 377-379.)

*Headnotes 1. Judgments, 34 C. J., Section 172; New Trial, 29 Cyc., p.
928; 2. New Trial, 29 Cyc., p. 728 (Anno); 3. Judgments, 34 C. J., Sec-
tion 172.

FROM DAVIDSON.

Appeal from the Circuit Court of Davidson County.—
HON. A. B. NEIL, Judge.

WM. HUME and L. M. DAVIS, for appellant.

BRADLEY WALKER, for appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the
Court.

There was a judgment in favor of the plaintiff below
rendered February 4, 1926. A motion for a new trial
was made by defendant below and overruled February
25, 1926, and defendant was allowed thirty days in which
to file his bill of exceptions and perfect an appeal.

As appeals from a minute entry March 27, 1926, "this
cause came on further to be heard as well as upon March
20, 1926;" upon a motion in arrest. The trial judge
overruled the motion in arrest, and the defendant ap-
pealed in error to this court.

It was said at the bar that the trial judge overruled the motion in arrest because, in his opinion, it came too late. In this we think he was correct.

Chapter 65 of the Public Acts of 1885, sections 1 and 2, are as follows:

"Section 1. That hereafter when an appeal or an appeal in the nature of a writ of error is prayed from a judgment or decree of an inferior court to the supreme court, the appeal shall be prayed for and appeal bond shall be executed or the pauper oath taken within thirty days from the judgment or decree, if the court hold so long, otherwise before the adjournment of the court, but for satisfactory reasons shown by affidavit or otherwise, and upon application made within the thirty days, the court may extend the time to give bond or take the oath in term or after adjournment of the court; but in no case more than thirty days additional.

"Sec. 2. That in all cases where the appeal has not been prayed for within the time prescribed in the first section of this act, the judgment or decree may be executed."

In *Ellis & Gresham* v. *Ellis,* 92 Tenn., 471, 22 S. W., 1, where no application for a new trial was made within thirty days after the entry of judgment, the court said:

"After the expiration of thirty days from the rendition of the final judgment, the circuit court had no power to set aside such judgment and grant a new trial, any more than he would have had if the motion had been made at a subsequent term of the court. The entire proceedings had in the case after the expiration of thirty days from the date of the final judgment were *coram non judice* and void."

Chapter 65 of the Acts of 1885 was again construed in *Railroad* v. *Ray,* 124 Tenn., 16, 134 S. W., 858, Ann. Cas., 1912D, 910, and the court said:

"At common law there was always an interval between the entry of the verdict and the entry of the judgment within which time the motion for new trial could be made. There is no interval under our practice. Therefore the judgment is only *quasi*-final until after the expiration of thirty days from its entry; that is, its finality is conditioned upon the absence of the entry of a motion for new trial within that time, and its subsequent sustainment by the court; or, we may add, the motion in arrest of judgment, or motion for a judgment *non obstante veredicto.* In other words, if a motion for new trial is made within the thirty days, the judgment for the purposes of the motion is treated as being non-existent. If the motion for new trial is sustained, the verdict is set aside and the judgment goes with it; so if a motion in arrest of judgment is sustained, or a motion for judgment *non obstante veredicto,* the provisional entry of the judgment cannot interfere with any of these rights of the losing party."

*Dunn* v. *State,* 127 Tenn., 267, 154 S. W., 969, is in accord with the two cases just mentioned.

Under these authorities construing chapter 65 of the Acts of 1885, a motion for a new trial, a motion in arrest, or a motion for judgment *non obstante veredicto* must be entered within thirty days after judgment. Otherwise, by reason of the provisions of section 2 of chapter 65 of the Acts of 1885, "the judgment or decree may be executed."

The entry of a motion for a new trial within thirty days after judgment suspends the judgment for the purpose of disposing of the motion for a new trial only. As said in *Railway* v. *Ray,* supra, ''the judgment for the purpose of the motion is treated as being nonexistent.'' It would, however, defeat the object of the act of 1885 if it were held that the entry of the motion for a new trial postponed the judgment for all purposes. Prior to the act of 1885, it was held, under chapter 59 of the *Acts of* 1871, that thirty days after the adjournment of the term at which a judgment was rendered might be allowed in which to perfect an appeal. This was so regardless of the length of the term, and there were frequently great delays in the prosecution of appeals. It was to remedy this situation that the act of 1885 was passed. If the argument of plaintiff in error be accepted, there would be a period of thirty days after a motion for a new trial was overruled in which a motion in arrest might be made, and a period of thirty days after a motion in arrest was overruled during which another motion might be interposed.

We think it was the intention of chapter 65 of the Acts of 1885 that any motion for a new trial, motion in arrest, or other motion challenging the judgment be entered within thirty days after the judgment was rendered. The motion in arrest may be entered after the entry of a motion for a new trial, within thirty days after judgment, and called up after disposition of the motion for a new trial, without waiving any benefit to be had from the motion for a new trial.

It is stated on the brief of the plaintiff in error that the motion in arrest in this case was entered within thirty

days after judgment. The record before us, however, does not confirm this statement.

Affirmed.

### ON PETITION TO REHEAR.

A very earnest petition to rehear has been filed, which challenges the conclusion formerly announced by the court. Much of the argument contained in the petition was made in *Railroad* v. *Ray*, supra.

We feel obliged to adhere to the result reached by reason of the provisions of chapter 65 of the Acts of 1885. It was apparently the intention of the legislature by that act to require that motions for a new trial, motions in arrest, etc., should be made and disposed of also within thirty days after judgment entered, and that, if an appeal was not prayed within this thirty days, the judgment should be executed. This was obviously the view of the statute entertained by the court in *Ellis & Gresham* v. *Ellis*, supra.

The necessities of the situation, however, forced the court in *Railroad* v. *Ray*, supra, to construe the statute to mean that, if motions for a new trial, motions in arrest, etc., were entered within thirty days, they might be disposed of at the convenience of the court and an appeal allowed within thirty days after such disposition.

In view of the history of this legislation, we do not feel authorized to read into the statute anything further, nor to go beyond *Railroad* v. *Ray*.

We do not understand ourselves to have intimated herein that, upon a motion for a new trial being overruled, the judgment was effective from the date of its

Feldman v. Clark.

original entry. It has been otherwise ruled in *Dunn* v. *State,* supra. We did say that it would defeat the object of the act of 1885 if it were held that entering the motion for a new trial postponed the judgment for all purposes. Upon reconsideration, we think this is true, and that, giving effect to the act of 1885, any motion which challenges the judgment must be entered at least within thirty days after the entry of judgment.

Let the petition to rehear be denied.