DURHAM COAL & IRON CO v. MRS. FRED BISCHEL.

Eastern Section.   February 5, 1927.

No petition for Certiorari was filed.

1. **Appeal and error. Motion for new trial must be filed before judgment becomes final.**

Upon a motion to dismiss an appeal where the record showed that the time for filing the motion for new trial had been extended by the trial court from time to time and was extended to be filed within thirty-five days

after the time of judgment and after thirty days had elapsed and before thirty-five days, the time was again extended to forty-five days, held that under the statute judgments become final and binding after thirty days and in no event could the court after the lapse of thirty days extend the time for the filing of a motion for new trial.

2. **Courts. Jurisdiction. A trial court can not set aside a judgment or grant a new trial after the expiration of thirty days.**

Any order made by a court in regard to a judgment after the expiration of thirty days is corm non judice and void.

Appeal in Error from Circuit Court, Hamilton County; Hon. Oscar Yarnell, Judge.

Affirmed.

C. S. Littleton, of Chattanooga, for plaintiff in error.

Joe V. Williams and Clayton B. Hunter, of Chattanooga, for defendant in error.

PORTRUM, J.    At the outset of the investigation of this case we are confronted with the following motion:

"Comes the defendant in error, Mrs. Fred Bischel, and moves to dismiss the plaintiff in error's appeal and to affirm the verdict of the jury and judgment below, or to remand this cause for issuance of execution, and as grounds therefor assigns the following:

"It does not appear from the transcript that there was either any minute entry of the filing of the motion for new trial herein, or that the motion for new trial was placed on the minutes, as is required in order to perfect an appeal, and hence this court has no power to pass on the alleged appeal, and is without authority to act on the plaintiff in error's alleged assignment or errors."

Upon investigating the record we find that the judgment was entered on February 19, 1926, and on the following day this order was made:

"In this cause, upon application of the defendant it is allowed fifteen days from the date of entry of this order in which to prepare and file its motion for a new trial."

Twelve days later the following order was entered:

"In this cause, upon application of defendant it is ordered and decreed that said defendant be allowed ten days additional time in which to file its motion for a new trial, thereby making a total of twenty-five days within which said motion may be filed."

On the next motion day, or seven days later, on the 9th day of March, the following order appears:

"In this cause, upon application of defendant, it is ordered and adjudged that said defendant be allowed an additional ten days in which to file its motion for a new trial, thus making a total of thirty-five days within which the motion may be filed."

On March 25, the following motion was entered:

"This cause came on to be heard on the 24th day of March, 1926, upon application of the defendant, for ten days additional time in which to file its motion for a new trial, in the above case.

"It is ordered and adjudged by the courts thereupon, that this motion be sustained, and defendant be allowed an additional time, thus making a total of forty-five days in which said motion may be filed."

After the entry of the motion the time was again extended seven days; and on April 8, 1926, a motion for a new trial was filed. Nothing more appears until June 18, 1926, when the motion for a new trial was overruled and the appeal was granted, and thirty days time allowed for the filing of a bill of exceptions. According to the averments of the motion, the trial term expired and a new term convened from the date of the filing of the motion and the date when the motion was overruled. No order was made showing that the court had taken the motion under advisement and carried it over.

The plaintiff in error made no reply whatever to the motion, but since the defendant in error failed to cite the statute defining the time of the terms, as he is required to do under the rules, and the laws fixing terms of courts is often found in private acts, and one is unable to tell when one has the law of the special case unless one runs through the private acts, these acts not being codified, the court then for this reason, will not investigate this question. The matter would have been quite easy for counsel, who are familiar with the dates of the terms of their local courts, to cite the law applicable to the case.

But this court has no jurisdiction of this case for the reason that the motion was not filed within the thirty-five day period, which period was fixed by the court before the judgment became final, thirty days after its entry. The court could only extend the time within the thirty-day period, if at all, for at the end of this period the judgment became final, and the act of the court thereafter was coram non judice.

By the Act of 1885, Chapter 65, section 1, it is provided, " 'That hereafter when an appeal, or an appeal in the nature of a writ of error, is prayed from a judgment or decree of an inferior court to the Supreme Court, the appeal shall be prayed for and appeal bond shall be executed, or the pauper oath taken within thirty days from the judgment or decree, if the court holds so long, otherwise before the adjournment of the court, but for satisfactory reasons shown by affidavit, or otherwise, and upon application made within thirty days, the court may extend the time to give bond or take the oath in term or after adjournment, but in no case more than thirty days additional.' "    16 Lea, 388.

By section 2 of said act, it is provided, "that in all cases where the appeal has not been prayed for within the time prescribed by the first section of this act, the judgment or decree may be executed." Shannon's Code, sec. 4898.

The court in the case of Ellis & Gresham v. Ellis, 92 Tenn., 474, 22 S. W., 1, in setting out the first and second sections, Chapter 65, Acts 1885, as above set out, said.

"There was no application made in this case for a new trial within thirty days from the rendition of the final judgment of March 26, 1892; nor is there any sufficient excuse given why such motion was not made within that time.

"After the expiration of thirty days from the rendition of the final judgment, the Circuit Judge had no power to set aside such judgment and grant a new trial, no more than he would have had if the motion had been made at a subsequent term of the court. The entire proceedings had in the case after the expiration of thirty days from the date of the final judgment were coram non judice and void. This change in the former practice necessarily results from the operation and terms of the Act of 1885, chapter 65, before recited. M. & C. R. R. Co. v. Ed Johnson, 16 Lea, 387."

Of course, if the trial judge could not, after the expiration of thirty days, set aside a judgment and grant a new trial, he could not entertain or act upon the motion for a new trial, filed after the expiration of thirty days. Therefore, if we give the Act of 1885 a liberal construction and hold that the court had authority to extend the time for filing a motion for a new trial within the thirty days as it had the right to extend the time upon application within thirty days to file an appeal bond, then, certainly, the motion for a new trial must be filed within the extension, and the court would not have authority after the expiration of thirty days to again extend the time. In this case the court, within thirty days extended the time five days, or thirty-five days from the rendition of the judgment. He again attempted to extend the time on the thirty-fourth day, and this extension is coram non judice.

Since the motion for a new trial was not filed within the thirty-five days, then any motion to file thereafter was without effect; and of course, the court then, when he overruled the motion for a new trial could not extend the time thirty days for the filing of a bill of exceptions, nor could he at the time he overruled the motion, grant an appeal for the reason that he was without power to act after the thirty-five day period, since the motion for a new trial was not filed within that period. The order granting an appeal and allowing thirty days for the filing of a bill of exceptions was made after the judgment had become final, and was coram non judice and void. Railroad v. Egerton, 98 Tenn. 540, 40 S. W., 1035; Railroad v. Wray, 124 Tenn., 22, 134 S. W., 858.

We know of no authority which permits the Circuit Judge to extend the time for filing a motion for a new trial beyond the thirty-day period. In the case of Railroad v. Wray, supra, it is said the motion must be filed within thirty days, but the court was not considering an order made within thirty days extending the time. It is not necessary for the court to hold in this case that the trial judge had a right to extend the time because the motion was not made within the thirty-five day period.

Since the appeal in this case is abortive, the case is stricken from the docket and a procedendo awarded to the circuit court to collect the judgment. Railroad v. Johnson, 16 Lea, 391.

When an attempt is made to bring up a record in such a case the cost of the appeal is taxed against the party attempting to bring up the case. Shannon's Code, sec. 4957.

Snodgrass and Thompson, JJ., concur.