SCHULMAN v. RIDLEY et ux.—197 S. W. (2d) 895.

Middle Section. June 29, 1946.

Petition for Certiorari denied by Supreme Court, October 5, 1946.

504

Wiley Wilson, Jr., and Elkin Garfinkle, both of Nashville, for plaintiffs in error.

J. G. Lackey, of Nashville, for defendant in error.

HOWELL, J. This is an unlawful detainer suit in which the owner Sidney Schulman seeks possession of part of a building occupied as a restaurant known as the Ritz Cafe at 1203 Jefferson Street in Nashville.

Judgment was entered for the plaintiff in the trial Court and the defendants have perfected an appeal in error to this Court.

The assignments of error do not conform to Section 2 of Rule 11 of this Court, but considering the brief and argument it appears that the error insisted upon is that the defendants received no notice that their tenancy would be terminated for refusal to pay their rent under the authority of the recent case of Smith v. Holt, Tenn. App., 193 S. W. (2d) 100. This is the only question raised by the assignments of error.

The facts are that the plaintiff was the owner of the property in which a restaurant had been conducted by one Taylor, who had rented it from the owner by the

week with rent payable in advance. In some manner the defendants took possession. About the middle of August 1945, the defendants were notified that the rent would be $15.00 per week. On September 17 this rent was paid for one week and on September 24 when rent was again demanded the defendants refused to pay, giving no reason therefor except that they had been told not to pay. The defendants did not testify or introduce any proof upon the hearing and the record does not disclose what their defense was in the trial Court.

We are presented with a motion which is as follows:

"Comes the Defendant in Error, Sidney Schulman, and moves the court to dismiss the appeal in this case on the following ground:

"The assignment of errors filed in this court is based wholly and alone upon the action of the court in overruling an amendment to the Motion for a New Trial, made thirty days after the original Motion for a New Trial had been overruled and after an appeal had been prayed and granted from the action of the court in overruling the original Motion for a New Trial; and no appeal was prayed or granted from the action of the court in over-ruling the Amended Motion for a New Trial."

The judgment of trial Court was entered on November 13, 1945. The motion for a new trial was filed on December 11, 1945 and is as follows:

"The defendant moves for a new trial on the following grounds:

"1. The Court erred in directing the trial of this cause in the absence of the defendant; the defendant having been informed by the plaintiff that there would be no trial and the attorney for the defendant was unable to reach her when he ascertained that the plaintiff had changed his position and was insisting on trial.

"2. The judgment against the defendant, J. C. Ridley, was not supported by any proof, his name was not mentioned by any witness, nor was there any testimony whatever connecting him with this litigation.

"3. The judgment against 'et ux.' is invalid and void for uncertainty and indefiniteness."

This motion was taken under advisement by the trial Judge and was overruled by an order entered on December 18, 1945, from which the defendants prayed and were granted an appeal in error to this Court. This appeal was perfected by the execution of a bond filed on January 16, 1946.

On January 17, 1946, appears the following minute entry:

"On January 16, 1946, the defendants moved the Court to allow them to amend their motion for a new trial, made in this cause by adding thereto the following ground:

" 'The evidence in this cause does not sustain the judgment of the Court, but under said evidence judgment should be rendered for the defendants and each of them.'

"Counsel for the defendants stated that said ground for a new trial was omitted from the written motion by inadvertence and mistake, although the general question raised by said ground was covered by the argument in the motion for a new trial.

"The plaintiff objected to such amendment being made to the motion for a new trial, on the ground that same came too late, and the Court had no jurisdiction to permit an amendment thereof at this time.

"The court was pleased to grant said motion, and ordered the motion for a new trial to be so amended; and then the Court overruled said motion.

"To the action of the Court in allowing said amendment, the plaintiff excepts.

"To the action of the Court in overruling the motion for a new trial as hereby amended, the defendants except.

"This January 17th, 1946."

It is noted that the appeal from the order overruling the motion for a new trial was perfected on the day the amended motion was filed and the day before this amendment to the motion was acted upon and no appeal is prayed or granted from the decree overruling the amendment, although exception was preserved.

This amended motion was filed nearly sixty days after the final decree.

 This motion for an amendment came too late. To permit an amendment to a motion for a new trial nearly thirty days after the motion was overruled would in effect be to permit a motion for a new trial nearly sixty days after the decree.

Section 9047 of the Code is as follows: "Time is allowed for appealing and giving appeal bond, or to take the pauper's oath.—When an appeal or appeal in the nature of a writ of error is prayed from a judgment or decree of an inferior court to the court of appeals or supreme court, the appeal shall be prayed and appeal bond shall be executed or the pauper oath taken within thirty days from the judgment or decree, if the court holds so long, otherwise before the adjournment of the court, but for satisfactory reasons shown by affidavit or otherwise, and upon application made within the thirty days, the court may extend the time to give bond or take the oath in term or after adjournment of the court; but in no case more than thirty days additional."

In the case of Feldman v. Clark, 153 Tenn. 373, on page 377, 284 S. W. 353, 354, the Court said: "The entry of a motion for a new trial within 30 days after judgment suspends the judgment for the purpose of disposing of the motion for a new trial only. As said in [Louisville & N.] Railway v. Ray, supra, [124 Tenn. 16, 134 S. W. 858, Ann. Cas. 1912D, 910,] 'the judgment for the purpose of the motion is treated as being nonexistent.' It would, however, defeat the object of the act of 1885 if it were held that the entry of the motion for a new trial postponed the judgment for all purposes."

In Wright v. Dorman, 155 Tenn. 189, on page 194, 291 S. W. 1064, 1065, the Supreme Court said: "It is well settled that the entry of a motion for a new trial within 30 days after judgment suspends a judgment for purposes of disposing of the motion; and that a motion seasonably entered may be disposed of after the expiration of 30 days, when the court finds an opportunity to do so. [Louisville & N. R. Co.] v. Ray, 124 Tenn. 16, 134 S. W. 858, Ann. Cas. 1912D, 910; Dunn v. State, 127 Tenn. 267, 154 S. W. 969; Feldman v. Clark, 153 Tenn. 373, 284 S. W. 353."

In the case of Durham Coal & Iron Co. v. Bischel in 4 Tenn. App. 233, on page 236, the Court said: "Of course, if the trial judge could not, after the expiration of thirty days, set aside a judgment and grant a new trial, he could not entertain or act upon the motion for a new trial, filed after the expiration of thirty days. Therefore, if we give the Act of 1885 a liberal construction and hold that the court had authority to extend the time for filing a motion for a new trial within the thirty days as it had the right to extend the time upon application within thirty days to file an appeal bond, then, certainly, the motion for a

new trial must be filed within the extension, and the court would not have authority after the expiration of thirty days to again extend the time. In this case the courts within thirty days extended the time five days, or thirty-five days from the rendition of the judgment. He again attempted to extend the time on the thirty-fourth day, and this extension is coram non judice.''

In the case of Everett, Ex'r v. Everett, 1 Tenn. App. 85, on page 90, Crownover, Judge, said: ''Hence, it is clear that the trial judge had no further jurisdiction over the case after he rendered judgment overruling the motion for a new trial and after court had adjourned, although the minutes of the court had not been signed. He was without jurisdiction to entertain the amended motion for a new trial, and his attempt to have the same dated back to a time while court was in session was unwarranted in law.''

The appeal was prayed and granted from the decree overruling the motion for a new trial and the assignments of error as filed are not based on this decree and motion but on the amendment to the motion, if it be considered from the brief and argument that the amendment to the motion raised the question that there was not sufficient notice. However, it does not appear that this question of notice was before the trial Court.

We are therefore constrained to grant the motion which we will consider as a motion to affirm, for the reason that the assignments are based upon a motion for a new trial which was not properly filed and from the action upon which there was no appeal.

The judgment of the Circuit Court is affirmed and the case remanded to that Court for further proceedings.

The plaintiff in error and their surety on the appeal bond will pay the costs of the appeal.

Affirmed and remanded.

Felts and Hickerson, JJ., concur.