**E. H. WEBB, Jr., Plaintiff-Appellant,**

v.

**The AETNA LIFE INSURANCE COMPANY, Defendant-Appellee.**

Court of Appeals of Tennessee, Middle Section.*

Feb. 23, 1973.

Dennis L. Tomlin, Walter S. Clark, Jr., Nashville, for plaintiff-appellant.

Douglas M. Fisher, of Howell & Fisher, Nashville, for defendant-appellee.

TODD, Judge.

OPINION

The plaintiff, E. H. Webb, Jr., has appealed from a directed verdict dismissing his suit against the defendant, The Aetna Life Insurance Company, for expenses of hospitalization of Mrs. Ann Elizabeth

* No Petition for Certiorari was filed in the Supreme Court; however, the Presiding Judge and a committee of the Court of Appeals determined that this opinion should be published.

Webb, wife of plaintiff, as provided in a family hospitalization insurance policy.

The first assignment of error complains of the refusal of permission to amend a motion for new trial.

The original motion for a new trial, duly filed within 30 days of final judgment, contains five grounds, in substance as follows:

1. No material evidence to support the verdict.

2. Verdict contrary to weight of evidence.

3. and 4. Directed verdict for defendant.

5. Failure to direct a verdict for plaintiff.

On July 19, 1972, more than 30 days after final judgment but before hearing and judgment upon the first motion for a new trial, plaintiff moved for leave to amend his motion for a new trial by adding the following grounds:

6. Failure to grant a mistrial because of misconduct of counsel.

7. Direction of verdict for defendant.

8. Admission of portions of certain evidence and exclusion of other portions of same evidence.

9. Failure to grant leave to amend replication to allege acceptance of premium after discovery of misrepresentation.

10. Comment of court during trial regarding reliance upon misrepresentations.

11. Improper conduct of counsel and anger of Trial Judge.

12. Admission of evidence of payment by other insurer for same hospitalization expenses.

The order of the Trial Court recites:

"This cause was heard July 28, 1972 upon the motions filed in behalf of the plaintiff to amend his motion for a new trial, and upon the motion for new trial heretofore filed.

"The court finds that neither motion is well-taken and each motion is therefore overruled, . . . . "

Both appellant and appellee in their briefs treat the foregoing as denying the right to amend, rather than overruling the grounds of the proposed amendment. Therefore this opinion will be based upon the assumption that the merits of the proposed amendment were not ruled upon.

In Everett, Ex., v. Everett, 1 Tenn.App. 85 (1925), this Court said:

"It is well settled in Tennessee, that a judgment or decree becomes final within thirty days after entry, unless the party files a motion for a new trial or appeals, which motion for a new trial or appeal must be entered on the minutes. In the event of the filing of a motion for a new trial, the judgment is then suspended pending the consideration thereof, and *at any time before the court passes on the motion, the party has a right to amend his motion* and add in other grounds for a new trial, but after the motion has been once passed upon by the court and the order overruling the same is entered and the court has adjourned to court in course, *then it is too late to file an amended motion for a new trial.*

"The theory upon which an amended motion for a new trial may be allowed, even after court has adjourned or after the thirty days has elapsed, is that the judgment, although entered, *is suspended pending the consideration of the motion for a new trial* by the court. See, Railway and Light Co. v. Rogers, 5 Hig., 218, 223, Atkin v. Schenker, 4 Hig., [298]." [Emphasis supplied] 1 Tenn. App., p. 89

In Everett v. Everett, the amended motion was not considered because it was

filed after entry of the order overruling the first motion. The above quotation may therefore be deemed dictum; however, it is well supported by other Tennessee authorities.

In Ry. & Lt. Co. v. Rogers, supra, which was *affirmed by the Supreme Court,* in 1914, the Court of Civil Appeals said:

"In this connection it is urged by learned counsel for appellee that the assignment attacking the verdict was made in the lower Court after the expiration of thirty days from the return of the verdict, and that this ground should be disregarded. There is no rule in the lower Court upon the subject. But this Court and the Supreme Court have a rule in substance that no ground of motion not brought to the attention of the lower Court will be considered on appeal. It is urged that this rule should be treated as a statute, and that the lower Court should be denied the right to amend or allow an amendment to the motion. We are of opinion that this cannot be considered a guide for trial Courts. In the absence of a rule, *a general motion for a new trial would have the effect of suspending judgment and opening up the verdict to any number of attacks* during the time granted by the lower Court for consideration thereof; and if correct in this view, there could be assigned grounds of motion as the party may offer upon the day upon which the motion is heard. This must be true in a jurisdiction where a Circuit Judge may of his own motion set aside a verdict: Devall v. Devall, 40 L.R.A.N.S., 291, and note." [Emphasis Supplied] 5 Hig., pp. 222, 223

The preceding quotation was the direct basis for one of the rulings of the Court of Civil Appeals and there was an *affirmance by the Supreme Court.* Both of these factors add force to the effect of the pronouncement.

In Atkin v. Schenker, supra, (cert. den. 1913), the Court of Civil Appeals said:

"Preliminarily we must dispose of a contention to the effect that plaintiffs in error did not enter their motion for a new trial until after the expiration of thirty days from the date of the verdict. The predicate of this argument is an entry on the minutes of April 12, 1913, of an extended motion for a new trial, the verdict having been rendered on the preceding 3rd of March. A further examination of the transcript, however, discloses the fact that on March 5th plaintiffs in error entered on the minutes their formal motion for a new trial, coupled with a statement that the reasons for asking a new trial would be stated later. *This Court must treat the motion for a new trial suspending the verdict* as having been entered on March 5th, and not on April 12th. There was no rule of the lower Court requiring specifications of error. . . ." [Emphasis Supplied] 4 Hig., pp. 299, 300

Again, ruling on appeal, and refusal of certiorari by the Supreme Court strengthen the weight of the pronouncement.

In Schulman v. Ridley, 29 Tenn.App. 503, 197 S.W.2d 895 (cert. den. 1946), this Court dismissed an appeal based upon an amended motion for a new trial presented more than 30 days after the original motion for a new trial was overruled. However, this Court said:

"In the case of Feldman v. Clark, 153 Tenn. 373, on page 377, 284 S.W. 353, 354, the Court said: 'The *entry of a motion for a new trial within 30 days after judgment suspends the judgment* for the purpose of disposing of the motion for a new trial only. As said in [Louisville & N.] Railway v. Ray, supra, [124 Tenn. 16, 134 S.W. 858, Ann.Cas. 1912D, 910,] " 'the judgment for the purpose of the motion is treated as being nonexistent.' " It would, however, defeat thhe object of the act of 1885 if it were held that the entry of the motion for a new trial postponed the judgment for all purposes.'

514

"In Wright v. Dorman, 155 Tenn. 189, on page 194, 291 S.W. 1064, 1065, the Supreme Court said: 'It is well settled that *the entry of a motion for a new trial within 30 days after judgment suspends a judgment for purposes of disposing of the motion;* and that a motion seasonably entered may be disposed of after the expiration of 30 days, when the court finds an opportunity to do so.'" (Citing authorities) [Emphasis supplied] 29 Tenn.App. 507, 508, 197 S.W.2d 897

In Suzore v. Rutherford, 35 Tenn.App. 678, 251 S.W.2d 129 (cert. den. 1952), this Court declined to consider an assignment based upon an amended motion for new trial filed after the first motion had been overruled and the term had expired. However, this Court said:

"A judgment becomes final upon either the lapse of 30 days or the end of the term, whichever first happens, but a motion for a new trial seasonably filed suspends the judgment for the purpose of disposing of the motion only; it does not, however, suspend the judgment for all purposes. . . .

"The foregoing simply abstracts and paraphrases the excellent discussion by Judge Howell in the case of Schulman v. Ridley, et ux., 29 Tenn.App. 503, 508–509, 197 S.W.2d 895 in which the authorities are cited and quoted." [Emphasis supplied] 35 Tenn.App., pp. 685, 686, 251 S. W.2d p. 132

Defendant-appellee refers the Court to 66 C.J.S. New Trial § 145, wherein the following text is found:

"While it has been held that a motion for a new trial may be amended at any stage of the cause before final disposition as a matter of right, (citing Ga.) and not merely in the discretion of the court, it has also been held that the allowance of amendment is within the discretion of the court, (citing Conn. and N.Y.) and that the refusal of a proposed amendment is not an abuse of discretion where its allowance would be of no avail to movant, or where the amendment proposed is palpably without merit.

.    .    .    .    .    .

". . . While it has been held that amendments adding grounds not germane to those assigned in the original motion may be allowed only when presented within the time fixed by law for the filing of an original motion, especially where movant was aware of such grounds when the motion was originally filed, (citing Ohio) it has also been held that a court may permit such amendments at any time, (citing Ky, Tenn, Ga.) provided the amendment does not surprise or prejudice the adverse party, unless disposition has been made of the motion. . . .

.    .    .    .    .    .

"*Discretion.* It has been generally stated that the disposition of an amended motion adding grounds for a new trial is within the discretion of the trial judge. (Citing Mass.)" 66 C.J.S., pp. 392, 393, 394

Defendant also cites 58 Am.Jur.2d, New Trial § 198, wherein the following text appears:

". . . The conflict of opinion regarding the amendment of motions for a new trial after the expiration of the time for filing such motions arises principally where the proposed amendment contains new matter not germane to that in the original motion. While it seems generally to be recognized that a statute or rule of practice prescribing a time limit within which a motion for new trial should be filed is not a limitation upon the jurisdiction of the court to entertain motions filed after that time, many authorities take the position that an amendment to a motion for a new trial, sought after expiration of the time for an original motion, should be relevant to the grounds already presented, and that the discretion given the trial court to allow amendments should not be expanded to

permit the inclusion, in the proposed supplementary motion, of new and different bases for another trial. Accordingly, many courts have denied an amendment containing grounds for a new trial which are not germane to those stated in the original motion, holding that new grounds for a new trial or a new issue cannot be introduced or permitted after the statutory period for making an original motion has expired. Other courts, however, have expressed the broad view that an amendment containing grounds of a new trial which are not germane to those in the original motion, or asserting additional grounds for a new trial, is allowable in the discretion of the court even though the statutory time for filing an original motion has passed. . . ."
58 Am.Jur.2d, pp. 415, 416

An annotation in 132 A.L.R. 542 ff. emphasizes the irreconcilable diversity of authority in regard to the subject under discussion.

All of the prior decisions in this State definitely declare the right to amend a motion for a new trial at any time between the timely filing of the first motion and the enrollment of the order overruling the first motion.

■ It has therefore been determined that the proper rule should be and is that the filing of a motion for new trial on any grounds suspends the judgment *and the running of time for filing amended motions for new trials* until the first motion is ruled upon and the ruling duly becomes a part of the minutes of the court. Such a rule leaves no room for uncertainty, error, or injustice by the variances in the disposition of the various trial judges to grant or refuse leave to amend.

The foregoing is not intended and is not to be interpreted to ignore or eliminate the exercise of the sound discretion of the Trial Judge to supervise and regulate the content and manner of presenting pleadings, including motions and amendments, to avoid frivolous issues, unfair surprise and other impediments to justice.

It might be insisted that this Court should proceed to consider the appeal upon its merits, including the grounds stated in the proposed amendment to the motion for a new trial. However, in view of the nature of the amendment in question and the policy of this Court, stated in Rule 12, it is deemed preferable to give the Trial Judge an opportunity to rule upon the merits of further consideration of the appeal by this the amended motion for a new trial before Court. § 27–329, T.C.A.

■ The cause is remanded to the Trial Court for the purpose of ruling upon the merits of the amended motion for a new trial, and further appropriate proceedings, including re-transmittal to this Court if appropriate and necessary.

The foregoing is based upon the assumption that, as apparently conceded in the briefs, the amendment was disallowed without consideration of its merits. However, the wording of the order of the Trial Judge, supra, might be amenable to a construction that the amendment was considered and overruled on its merits. If such should be the case, a clarifying order to this effect will eliminate the necessity of a further hearing in the Trial Court and justify a return of the record to this Court for further consideration.

Remanded with instructions.

SHRIVER, P. J., and PURYEAR, J., concur.