IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 22, 2013 Session

## EDWARD RAGLAND, ET AL. v. ROY MORRISON

**Appeal from the Circuit Court for Fayette County**
No. 5328      William C. Cole, Chancellor by Interchange

---

## No. W2013-00540-COA-R3-CV - Filed September 10, 2013

---

This appeal arises from the grant of summary judgment in favor of Appellee. Appellants claimed that Appellee was liable for injuries caused by dogs that Appellee allegedly owned and allowed to run loose in the Appellants' neighborhood. The trial court's order fails to state the legal ground upon which the court granted the motion for summary judgment. Further, there is no indication in the record of the trial court's reason(s) for granting the motion. Because Tennessee Rule of Civil Procedure 56.04 mandates inclusion of the trial court's legal ground in the order on the motion for summary judgment, we vacate and remand.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Lewis K. Garrison, Memphis, Tennessee, for the appellant, Edward Ragland.

Jeremy M. Thomas, Osceola, Arkansas, for the appellee, Roy Morrison.

## MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse

(continued...)

On September 15, 2008, Phylis Ragland and her husband, Appellant Edward Ragland, lived on a street in rural North Fayette County, Tennessee. The Raglands owned a Rottweiler dog, and Mrs. Ragland had walked the dog on a daily basis on the street in front of her home for over four years. Appellee Roy Morrison lived on the same street as the Raglands. Mr. Morrison owned several parcels of property that he rented to individuals in the vicinity of the Raglands' home. One of these tenants (who is not named in the lawsuit) allegedly abandoned two dogs. According to the complaint, Mr. Morrison permitted the two dogs to remain on his property, where they were allowed to run unrestrained. Specifically, the complaint alleges that Mr. Morrison fed the dogs and they ran behind his truck, and "hung around" Mr. Morrison's house. The Raglands also claimed that, prior to the incident giving rise to this lawsuit, Mrs. Ragland had spoken with Mr. Morrison, asking him to put the dogs behind a fence or restrain them. He did neither.

On September 15, 2008, Mrs. Ragland was walking her dog. When she passed Mr. Morrison's property, the two dogs that had allegedly been abandoned came into the street causing the Ragland's Rottweiler to jerk toward the loose dogs. This resulted in the leash becoming entangled around Mrs. Ragland's hand. She suffered injury to her hand and fingers, which injuries required surgery and allegedly resulted in permanent impairment to her hand.

On June 11, 2008, the Raglands filed their original complaint against Mr. Morrison, alleging that Mr. Morrison was liable for Mrs. Ragland's injuries. As grounds for Mr. Morrison's liability, the Raglands complaint cites, *inter alia*, Tennessee Code Annotated Section 44-8-408, which states, in pertinent part:

> (b) The owner of a dog commits an offense if that dog goes uncontrolled by the owner upon the premises of another without the consent of the owner of the premises or other person authorized to give consent, or goes uncontrolled by the owner upon a highway, public road, street or any other place open to the public generally.

[1](...continued)
or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

In addition, Tennessee Code Annotated Section 44-8-413 provides, in relevant part:

> (a)(1) The owner of a dog has a duty to keep that dog under reasonable control at all times, and to keep that dog from running at large. A person who breaches that duty is subject to civil liability for any damages suffered by a person who is injured by the dog while in a public place or lawfully in or on the private property of another.
>
> *                                *                                *
>
> (e)(2) "Running at large" means a dog goes uncontrolled by the dog's owner upon the premises of another without the consent of the owner of the premises, or other person authorized to give consent, or goes uncontrolled by the owner upon a highway, public road, street or any other place open to the public generally.

As used in both Section 44-8-408, and 44-8-413, "owner" is defined as:

> [U]nless the context otherwise requires:
>
> "Owner" means a person who, at the time of the damage caused to another, regularly harbors, keeps or exercises control over the dog, but does not include a person who, at the time of the damage, is temporarily harboring, keeping or exercising control over the dog.

However, Tennessee Code Annotated Section 44-8-406, which is also cited in the Raglands' complaint, allows liability to lie against a non-owner if that person takes responsibility for the dog in question: "If the owner is unknown, or resides out of the county, the same course shall be pursued by the taker-up in regard to such animals as in the case of other estrays."

On November 10, 2010, Mr. Morrison filed a motion for summary judgment, claiming that: (1) he owed no statutory duty to Appellants, as he was not the "owner" of the dogs in question; (2) he owed no common-law duty to Appellants, as he was not the "owner" of the dogs in question; (3) Appellant, Phylis Ragland, assumed the risk of injury; and, (4) Appellant, Phylis Ragland, was injured by her own dog, rather than by the dogs in question.

Subsequent to the filing of the motion for summary judgment, on September 5, 2011,

Mrs. Ragland died. On November 18, 2011, Mr. Ragland moved the court for leave to amend the Complaint to pursue the cause on his behalf and on behalf of his deceased wife. The motion was granted by order of March 1, 2012; an amended complaint was filed on the same day.

Mr. Morrison's motion for summary judgment was heard by the trial court on November 8, 2012 and January 10, 2013. By order of January 28, 2013, the trial court granted Mr. Morrison's motion for summary judgment. Mr. Ragland appeals. The sole issue for review is whether the trial court erred in granting Mr. Morrison's motion for summary judgment.

A trial court's decision on a motion for summary judgment presents a question of law. Our review is, therefore, *de novo* with no presumption of correctness afforded to the trial court's determination. ***Bain v. Wells***, 936 S.W.2d 618, 622 (Tenn. 1997). "This Court must make a fresh determination that the requirements of Tennessee Rule of Civil Procedure 56 have been satisfied." ***Mathews Partners, L.L.C. v. Lemme***, No. M2008-01036-COA-R3-CV, 2009 WL 3172134, at *3 (Tenn. Ct. App. Oct. 2, 2009) (citing ***Hunter v. Brown***, 955 S.W.2d 49, 50–51 (Tenn. 1977)).

When a motion for summary judgment is made, the moving party has the burden of showing that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. The moving party may accomplish this by either: (1) affirmatively negating an essential element of the non-moving party's claim; or (2) showing that the non-moving party will not be able to prove an essential element at trial. ***Hannan v. Alltel Publ'g Co.***, 270 S.W.3d 1, 8–9 (Tenn. 2008). However, "[i]t is not enough for the moving party to challenge the nonmoving party to 'put up or shut up' or even to cast doubt on a party's ability to prove an element at trial." ***Id***. at 8. If the moving party's motion is properly supported, "[t]he burden of production then shifts to the nonmoving party to show that a genuine issue of material fact exists." ***Id.*** at 5 (citing ***Byrd v. Hall***, 847 S.W.2d 208, 215 (Tenn. 1993)). The non-moving party may accomplish this by: "(1) pointing to evidence establishing material factual disputes that were overlooked or ignored by the moving party; (2) rehabilitating the evidence attacked by the moving party; (3) producing additional evidence establishing the existence of a genuine issue for the trial; or (4) submitting an affidavit explaining the necessity for further discovery pursuant to Tenn. R. Civ. P. 56.06." ***Martin v. Norfolk S. Ry. Co.***, 271 S.W.3d 76, 84 (Tenn. 2008) (citations omitted).

When reviewing the evidence, we must determine whether factual disputes exist. In evaluating the trial court's decision, we review the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in the non-moving party's favor.

***Stovall v. Clarke***, 113 S.W.3d 715, 721 (Tenn. 2003). If we find a disputed fact, we must "determine whether the fact is material to the claim or defense upon which summary judgment is predicated and whether the disputed fact creates a genuine issue for trial." ***Mathews Partners***, 2009 WL 3172134, at *3 (citing ***Byrd***, 847 S.W.2d at 214). "A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." ***Byrd***, 847 S.W.2d at 215. A genuine issue exists if "a reasonable jury could legitimately resolve the fact in favor of one side or the other." ***Id***. "Summary [j]udgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion." ***Landry v. South Cumberland Amoco, et al.***, No. E2009-01354-COA-R3-CV, 2010 WL 845390, at *3 (Tenn. Ct. App. March 10, 2010) (citing ***Carvell v. Bottoms***, 900 S.W.2d 23 (Tenn. 1995)). However, if there is any uncertainty concerning a material fact, then summary judgment is not the appropriate disposition.[2]

Because of a procedural lapse in the instant case, we do not reach the substantive question of whether summary judgment was properly granted. It is well settled that a court speaks through its orders. ***Palmer v. Palmer***, 562 S.W.2d 833, 837 (Tenn. Ct. App.1977). In ***Cunningham v. Cunningham***, No. W2006-02685-COA-R3-CV, 2008 WL 2521425 (Tenn. Ct. App. June 25, 2008), this Court explained:

> A judgment must be reduced to writing in order to be valid. It is inchoate, and has no force whatever, until it has been reduced to writing and entered on the minutes of the court, and is completely within the power of the judge or Chancellor. A judge may modify, reverse, or make any other change in his judgment that he may deem proper, until it is entered on the minutes, and he may then change, modify, vacate or amend it during that term, unless the term continues longer than thirty days after the entry of the judgment, and then until the end of the thirty days.

***Cunningham***, 2008 WL 2521425, at *5 (citing ***Broadway Motor Co., Inc. v. Fire Ins. Co.***,

---

[2] Tennessee Code Annotated Section 20–16–101 was enacted to alter the summary-judgment standard set forth in ***Hannan***, which permitted a trial court to grant summary judgment based on the framework described above. The statute is intended "to return the summary judgment burden-shifting analytical framework to that which existed prior to ***Hannan***, reinstating the 'put up or shut up' standard." ***Coleman v. S. Tenn. Oil Inc.***, No. M2011-01329-COA-R3-CV, 2012 WL 2628617, at *5 n.3 (Tenn. Ct. App. July 5, 2012). However, Section 20-16-101 applies only to those cases that were filed on or after July 1, 2012. As discussed above, the instant lawsuit was filed on June 11, 2008; the motion for summary judgment was filed on November 10, 2010. Accordingly, Tennessee Code Annotated Section 20-16-101 is not applicable to this case.

12 Tenn. App. 278, 280 (1930)). Consequently, we usually "do not review the court's oral statements, unless incorporated in a decree, but review the court's order and judgments for that is how a court speaks." *Id*. Moreover, Tennessee Rule of Civil Procedure 56.04 states, in relevant part, that: "The trial court **shall** state the legal grounds upon which the court denies or grants the motion [for summary judgment], which [grounds] **shall be included in the order** reflecting the court's ruling." Tenn. R. Civ. P. 56.04 (emphases added).

Here, the trial court's January 24, 2013 order granting Mr. Morrison's motion for summary judgment states, in its entirety:

> COMES for hearing the 8th day of November, 2012 and the 10th day of January, 2013 Defendant's Motion for Summary Judgment. Plaintiffs appear herein by counsel, Mr. Lewis Garrison. Defendant appears herein by counsel, Mr. Jeremy Thomas. After being well and sufficiently advised upon the law and the facts, the Court hereby finds that the Defendant's Motion for Summary Judgment should be granted.
> WHEREFORE, Defendant's Motion for Summary Judgment is hereby GRANTED and Plaintiffs' Complaint is hereby DISMISSED WITH PREJUDICE.

The requirements of Rule 56.04 were discussed in this Court's opinion in *Winn v. Welch Farm, L.L.C.*, No. M2009-01595-COA-R3-CV, 2010 WL 2265451 (Tenn. Ct. App. June 4, 2010):

> In 2007, Tennessee Rule of Civil Procedure 56.04 was amended to require the trial court to "state the legal grounds upon which the court denies or grants the motion," and to include such statement in the order reflecting the trial court's ruling. When the legal grounds for the trial court's decision are omitted, a reviewing court cannot analyze the decision's validity, and appellate review becomes unnecessarily speculative. "Without such a statement . . . a reviewing court is left to wonder on what grounds the trial court granted the motion for summary judgment." *Eluhu v. HCA Health Servs. of Tenn. Inc.*, No. M2008-01152-COA-R3-CV, 2009 WL 3460370, at *21 [(Tenn. Ct. App. Oct. 27, 2009)]. The 2007 amendment to Tenn. R. Civ. P. 56.04 was intended to cure this problem. The Rule's requirements are specific and without exception. Tenn. R. Civ. P. 56.04; *see also Eluhu*, 2009 WL 3460370, at *21 (vacating

the trial court's grant of summary judgment upon finding that the trial court did not state the legal grounds upon which the trial court granted the motion); ***Burse v. Hicks***, No. W2007-02848-COA-R3-CV, 2008 WL 4414718, at *2 (Tenn. Ct. App. Sept. 30, 2008) (finding noncompliance with Rule 56.04 where trial court's order merely provided "it is hereby ordered, adjudged and decreed that the Motion for Summary Judgment of [the defendant] is well taken and should be granted pursuant to law and there being no material disputed fact," but proceeding with appellate review upon a finding that there was only a "clear legal issue").

***Winn***, 2010 WL 2265451, at *5. The Court in ***Winn*** concluded that it was unable to consider the merits of the appeal due to the trial court's failure to comply with Rule 56.04, when the trial court's ruling merely stated that "the Court believes there are no genuine issues of material fact and that the Respondents are entitled to judgment as a matter of law." *Id*. at *6. Because the ***Winn*** case did not present "a clear legal issue," *id*. (citation omitted), we were not able to "soldier on without guidance from the trial court." *Id*. (citing ***Church v. Perales***, 39 S.W.3d 149, 158 (Tenn. Ct. App. 2000)). Likewise, in the instant case, the trial court's order states only that it "finds that the Defendant's Motion for Summary Judgment should be granted." Respectfully, the trial court failed to recite any evidence or argument that was considered in its decision to grant summary judgment. This practice contravenes the specific mandate of Rule 56.04. As previously discussed, Rule 56.04 requires that the trial court "state the legal grounds upon which the court denies or grants the motion." Tenn. R. Civ. P. 56.04. Rule 56.04's requirement is "specific and without exception." ***Eluhu***, 2009 WL 3460370, at *21. Consequently, the mandate contained in Rule 56.04 is not a suggestion; it is a mandatory requirement for the trial court to follow, in the absence of which this Court cannot make a meaningful appellate review. The treatise, Tennessee Civil Procedure, describes the requirement that the court set forth its reasoning as "enabl[ing] appellate courts to better review whether the trial court granting summary judgment has in fact weighed the evidence and improperly granted the motion." Banks & Entman, Tennessee Civil Procedure § 9–4(b) (2d ed. 2004). This duty is particularly important when the trial court grants a motion for summary judgment. *See* Fed. R. Civ. P. 56 advisory committee note (2010); *see also **Jones v. Professional Motorcycle Escort Service, L.L.C.***, 193 S.W.3d 564, 570 (Tenn. 2006) (citing ***Harris v. Chern***, 33 S.W.3d 741, 745 n.2 (Tenn. 2000) (noting that federal law on a rule similar to a Tennessee rule is persuasive authority). As noted by this Court in ***Winn***, without knowing the trial court's basis for granting the motion, "[a]t best we would be speculating as to the reasoning behind the trial court's decision and the facts it considered." ***Winn***, 2010 WL 2265451, at *6. That tenet is even more true in this case because there is no transcript or Tennessee Rule of Appellate Procedure 24(c) Statement of the Evidence

from the summary judgment hearing included in the record on appeal, which transcript or Statement of the Evidence may have shown the trial court's reason for granting summary judgment. However, in the absence of an order complying with Rule 56.04 or a transcript or Statement of the Evidence of the trial court's oral ruling, if any, there is nothing from which this Court can glean the trial court's basis for the grant of summary judgment. Accordingly, we are unable to conduct a meaningful review of the substantive issue. For that reason, we vacate the grant of summary judgment.

For the foregoing reasons, we vacate the order of the trial court. The case is remanded for such further proceedings as may be necessary and are consistent with this Opinion. Costs of the appeal are assessed against the Appellant, Edward Ragland. Because it appears that Mr. Ragland is proceeding *in forma pauperis* in this appeal, execution may issue for costs if necessary.

_____
J. STEVEN STAFFORD, JUDGE