## T. J. WHITTAKER v. TENNESSEE CENTRAL RAILWAY COMPANY.

Middle Section.    March 20, 1926.

Petition for Certiorari denied by Supreme Court.    July 10, 1926.

1. **Appeal and error. A motion for new trial suspends judgment until it is disposed of.**
    If a motion for new trial is filed and a minute entry is made of the filing of said motion, then the judgment is suspended during the pendency of the motion in the lower court.

2. **Appeal and error. Motion for new trial must be shown in the minutes ot the court.**

It is necessary that the minutes of the court show that the motion for new trial has been made although the motion itself need not be incorporated in the minutes. If the minutes show that the motion was made it is sufficient that the motion be set out in the bill of exceptions. Not even entry on the motion docket or trial docket showing that such motion was made will dispense with such showing on the minutes.

3. **Appeal and error. Motion for new trial held filed too late.**

Where judgment was entered on the 26th day of November and motion for new trial was filed on the 29th of November and the court had at at that time adjourned for an adjourned term on December 15th, but the court did not convene on December 15th and was finally adjourned until the regular March term and the motion for new trial was not entered on the minutes or any record made thereof in the minutes, held that the same could not be considered by the court at the March term.

4. **Attorneys. Duties.**

It is the duty of attorneys to see that proper orders and judgments affecting their clients' interests are entered on the minutes of the courts.

Appeal in Error from Circuit Court of Putnam County; Hon. J. R. Mitchell, Judge.

Reversed and dismissed.

O. K. Holladay, of Cookeville, for plaintiff in error, Railway Co.

Worth Bryant, of Cookeville, and Grover Whittaker, of Monterey, for defendant in error, Whittaker.

CROWNOVER, J. This case is not styled correctly in this court. It should be styled Tennessee Central Railway Company, plaintiff in error, against T. J. Whittaker, defendant in error, but for convenience we have, in this opinion, treated the case as styled in the lower court, Whittaker, as plaintiff and the Railroad, as defendant.

This was an action for damages for the negligent killing of plaintiff's cow caused by collision with defendant's passenger train on an unfenced track and was originally instituted before a Justice of the Peace and appealed to the Circuit Court, where it was twice tried by the Circuit Judge without a jury.

The first trial in the circuit court was on November 26, 1924, and resulted in a judgment for the defendant. The judgment dismissing the action was regularly entered on that date without exception, and the court thereupon adjourned until the third Monday in December, 1924, which was the date fixed for an adjourned term.

The plaintiff thereafter filed with the Clerk a motion for a new trial, which was marked filed on November 29, 1924, but said motion was not entered on the Minutes of the Court, and no action was taken on the matter at said November term or at the December adjourned term.

At the adjourned term on December 15, 1924, the court not being present, the clerk attempted to adjourn the court over to the regular March term, 1925.

On March 25th, the same being the third day of that term, the court's attention was drawn to said motion for a new trial, and the court made an order at that term which order, after reciting the motion for a new trial, stated:

"This motion was filed with the clerk November 29, 1924, but was not presented to the court and was not acted on by the court until March 27, 1925, when same was ordered entered of record. The court holding that as this motion was filed during the term, and not having been disposed of, the minutes were still open for the disposition of this motion, notwithstanding the attempted adjournment of the clerk, and as the March term intervened before the disposition of the motion for new trial, the disposition of this case was by operation of law carried over into the present term, and which motion being seen and understood by the court is granted and a new trial allowed. Thereupon, court adjourned until court in course.

"C. E. SNODGRASS."

After this on April 3, 1925, at the same term of the court, the following order was entered on the Minutes of that term, to-wit:

"This cause came on to be heard upon the motion for a new trial filed by the plaintiff, T. J. Whittaker, with the clerk of the court, after the court had adjourned for the day, and marked filed on the last day court was held, but at a time when he was expecting to return, third Monday in December last. The court did not return on account of the fact that the cases that were expected to be tried at a later time were continued. The motion for a new trial came on, in the opinion of the court to be heard and determined at the November term of court, although it was filed and should have been determined at the November term of court, but on account of the fact that the court did not return as recited, no action was taken on the motion, and this, in the court's opinion, carried the motion over to the present term of court for action, and after due consideration of the motion, the court is of opinion that same should be granted and a new trial awarded upon the payment of the costs up to the time of the filing of the motion.

"It is, therefore, the judgment of the court that a new trial be and the same is granted. And the plaintiff will pay the costs of the case up to the time of the filing of the motion for a new trial, with the exceptions of the costs incidental to the issuance of the warrant, and also as to the State and county taxes, which is reserved."

to which the defendant excepted.

The case was continued over and on August 3, 1925, it was again tried by the judge without a jury and resulted in a judgment for $60 and costs in favor of the plaintiff. The defendant's motions for a new trial and in arrest of judgment were overruled, and the defendant has appealed in error to this court and has assigned errors, which in substance are as follows:

1. The first three assignments go to the proposition that the court erred in setting aside the judgment wherein the case was dismissed at the November term, 1924, because the court had no jurisdiction to entertain the motion made at a former term.

2. Because there was no evidence on which to predicate a verdict, the evidence greatly preponderating on the side of the defendant.

3. Because the cow was killed within the corporate limits of the town of Monterey, and within the switching limits of said town, at a point where the fencing statute did not apply.

4. Because the railroad had observed all statutory precautions, and had done everything possible to stop the train and to prevent the accident after the cow became an obstruction on the track.

5. The court erred in overruling defendant's motion in arrest of judgment for the reasons that the case had been tried at the November term, 1924, and not appealed from, and because the warrant stated no cause of action.

We think that the court did not have jurisdiction to sustain the motion for a new trial at the March term, 1925, as a judgment becomes final at the expiration of thirty days after its entry on the minutes of the court if the court remains in session that long, otherwise, it becomes final on the adjournment of the court, but if a motion for a new trial is filed and a minute entry is made of the filing of said motion, then the judgment is suspended during the pendency of the motion in the lower court. See, Railroad v. Ray, 124 Tenn., 16; Shan. Code, sec. 4898; Atkin v. Shenker, 4 Hig., 298.

A motion for a new trial suspends judgment during its pendency and if undisposed of at the end of the term is continued to the next term by operation of law. See Dunn v. State, 127 Tenn., 268.

But it is necessary that the minutes of the court show that the motion for a new trial has been made, though the motion itself need not be incorporated in the minutes. If the minutes show that the motion was made it is sufficient that the motion be set out in the bill of exceptions. Not even an entry on the motion docket or trial docket showing that such motion was made will dispense with such showing on the minutes. See Johnston v. Phillips, 4 Hig., 662; Mengal Box Co. v. Gregory, 119 Tenn., 537.

In the case of Johnston v. Phillips, supra, Judge Hughes carefully reviewed most of the Tennessee cases on this question in a very able manner; and after discussing the proposition, concluded by quoting from the Mengel Box Co. v. Gregory, case, supra, as follows:

" 'Moreover, we are of the opinion that the statute, above quoted not only requires that a motion for a new trial shall be filed, stating the grounds on which it is sought to question the action of the court below, but that this motion may be brought up to this court in the bill of exceptions. It should, however, appear upon the minute books that such a motion had been made, and the disposition of it, and there should be at least a reference to the motion on file, as such was made in the case now before the court.' "

"We understand this language, and the holding in the case in which it is used, to mean that it is indispensable that the minutes of the court should recite the making of the motion within thirty days after judgment is entered. This does not appear in the case at bar, and we are constrained to hold that the appeal is not properly before us to entertain the motion, which is accordingly done."

In the instant case there was no minute entry showing that a motion for a new trial had been made within thirty days, and in fact there was no minute entry made of the matter at all until the next term of the court, which was long after the thirty days had expired, and the judgment had become final. It is both necessary to make the motion for a new trial and to have a minute entry thereof within thirty days after the entry of the final judgment in order to suspend the judgment. Now, if the motion for a new trial had been drawn to the attention of the court at the time of its filing and the court had actually made an order showing that the motion had been filed but by oversight or otherwise this order had failed to be entered on the minutes, then the court could have shown that on the minutes at the March term and have had the order entered nunc pro tunc; but an entry on the minutes nunc pro tunc is proper only when the order has in fact been *previously made* and its entry omitted. It cannot be resorted to to make an order, the making of which was previously omitted. See Lowder v. Anderson, 4 Hig., 620.

Hence, we are of the opinion that the subsequent orders made at the March term reciting that the motion for a new trial had been filed on November 29, 1924, and sustaining the motion for a new trial and the subsequent judgment of $50 were beyond the jurisdiction of the court and void.

It may be urged that the plaintiff below had filed his motion within the time, and that he has lost his rights through no fault of his

own. This question has given us some concern, but upon reflection, we are of the opinion that it is the duty of the counsel to see that the proper orders and judgment go down on the minutes. The plaintiff knew when the first judgment went down dismissing his suit that he intended to make a motion for a new trial. He should then have made his motion in open court, and have obtained time to prepare and file his formal motion, as the parties did in the case of Atkin v. Shenker, 4 Hig., 298. In that case "the plaintiffs in error entered on the minutes their formal motion for a new trial coupled with the statement that the reason for asking a new trial would be stated later." The question was raised in that case that the plaintiffs in error did not enter their motion for a new trial until after the expiration of thirty days from the date of the verdict. The predicate of this argument was an entry on the minutes of April 12, 1913, of an extended motion for a new trial, the verdict having been rendered on the preceding third of March, but the court held that the minute entry, above referred to, was made on March 5th, and was sufficient.

In the instant case the judgment was rendered on November 26, and the party waited three days thereafter, until after the court had adjourned over to the adjourned term, before filing his motion. It was his duty to have drawn the court's attention to the fact that he desired to file this motion for a new trial before the entry of the judgment and to have the judgment show that a motion for a new trial was made. If this had been done, then the motion for a new trial, undisposed of, would have been continued by operation of the law, but until the minutes showed that a motion for a new trial had been made, there was nothing of record to be continued by operation of the law. It results that we hold that the assignments of error on this proposition must be sustained, and the judgment of the lower court in favor of plaintiff in error must be reversed and the suit dismissed. The cost of the cause, including the cost of the appeal is adjudged against the defendant in error, Whittaker, for which execution may issue.

Faw, P. J., and DeWitt, J., concur.