## BROADWAY MOTOR COMPANY, INC., et al. v. PUBLIC FIRE INSURANCE COMPANY.

Middle Section. September 20, 1930.

Albert A. White, of Nashville, for petitioner, Insurance Co.
Bond, Fuqua & Bond, of Nashville, for Motor Co. et al.

CROWNOVER, J. This action is before us on petition for writ of certiorari to remove the action from the Circuit Court of Davidson county to this court on the ground that said court is without jurisdiction to proceed further in the case, and to have annulled and set aside the last judgment entered in that court because coram non judice.

It is alleged in the petition for writ of certiorari, which petition is accompanied by a duly certified copy of the transcript of the record, that the plaintiffs below, the Broadway Motor Company and others, had brought an action in the Circuit Court against the defendant insurance company to recover the amount of a policy of insurance on an automobile destroyed by fire, which loss had been adjusted;

That after the evidence was concluded defendant moved for a directed verdict, which motion was overruled, and on April 16, 1930, the jury returned a verdict for the plaintiffs for $1300;

That on April 25, 1930, defendant insurance company's motion for a new trial was sustained and the trial judge then sustained defendant's motion for peremptory instructions and dismissed the action, to which the plaintiffs then and there excepted and appealed in error to this court, and were allowed thirty days in which to prepare and have filed a bill of exceptions and to perfect the appeal.

Thereupon, the judge directed the officer to adjourn court to court in course, which was done;

That on April 26, 1930, plaintiffs again appeared before that court and made a motion to amend the declaration, which was excepted to by counsel for defendant;

That on April 28, 1930, that court sustained plaintiffs' motion, allowed the amendment, and granted complainants' motion for a new trial, and remanded the case to the docket for another trial;

That the defendant insurance company excepted to the action of the court on the ground that the court, having adjourned the term to court in course on April 25, 1930, was without jurisdiction to entertain motions or to make further orders in the case;

That the time to have prepared and filed a wayside bill of exceptions was extended to May 2, 1930, and the wayside bill of exceptions was filed in that court on that date.

All of the above facts so appear in the transcript of the record. It further appears from the record that no minute entry was made on April 25, 1930, showing that the court had been adjourned to court in course, but, instead, the following order was entered: "Ordered that court stand adjourned until tomorrow morning at 8:45," which order was signed by the judge. On April 26, another such order was entered, adjourning court to April 28, 1930, which order was also signed by the judge, and on that date another order was made, adjourning over to Friday, May 2, 1930, which was also signed by the judge.

It is stated by the court, in the bill of exceptions, that he directed the officer to adjourn the court to court in course, on April 25, 1930, which was done, as it then appeared that there was no further business to be transacted during that term, but no minute was then made and entered, showing that court had been adjourned for the term; that it had been his practice not to have the order adjourning court to court in course entered on the minutes of the court until after the clerk had entered all orders and judgments, which usually took several days, and in this instance the clerk had many orders and long judgments to be entered, and could not finish the minutes on April 25, 1930; hence, he had the entries made on the minutes as hereinabove set out, and it had been his practice to entertain motions and to make

orders during the interval that the minutes were kept open, as in this case, and after all the orders and judgments were entered on the minutes, he then adjourned court to court in course and had such order entered on the minutes.

It is now insisted by the insurance company in its petition and brief that the court was without jurisdiction to allow the amendment and to grant the plaintiffs a new trial after the court had been adjourned to court in course, and that all of the orders thereafter made and entered were coram non judice. And it especially cites and relies upon the cases of Everett v. Everett, 1 Tenn. App., 85; Whittaker v. Tenn. Central Ry. Co., 3 Tenn. App., 185; Insurance Co. v. Sambucetti, 1 Hig., 127; State v. Dalton, 109 Tenn., 544, 72 S. W., 456.

But after a careful review of the record and the authorities, we are of the opinion that the trial judge had a right to entertain the motions and to make orders after he had adjourned court on April 25, 1930, for the reason that no order adjourning court to court in course was entered upon the minutes and signed by the judge, and he had a right to change his mind and enter an order adjourning over until the next day.

A judgment must be reduced to writing in order to be valid. It is inchoate, and has no force whatever, until it has been reduced to writing and entered on the minutes of the court, and is completely within the power of the judge or Chancellor. A judge may modify, reverse, or make any other change in his judgment that he may deem proper, until it is entered on the minutes, and he may then change, modify, vacate or amend it during that term, unless the term continues longer than thirty days after the entry of the judgment, and then until the end of the thirty days. Gibson's Suits in Chancery, sec. 572; 33 C. J., 1191, sec. 120; Jones v. Walker, 5 Yerg., 431-2; Simmons v. Edens, 1 Hig., 56; Fraker v. Brazelton, 12 Lea, 281; Insurance Co. v. Implement Co., 138 Tenn., 28, 39, 195 S. W., 762; Wilkinson v. Brick Corp., 156 Tenn., 373, 299 S. W., 1056, 2 S. W. (2d), 89; Mound City Mutual Life Insurance Co. v. Hamilton, 3 Cooper's Tenn. Chy., 234-5.

The cases cited by counsel for petitioner are not in point and do not apply to a proposition of this kind, for the reason that they were cases where court had actually adjourned to court in course and the order had been entered on the minutes, or where the court at a later term had attempted to make an order nunc pro tunc so as to relate back and change an order or judgment that had been made at a previous term.

It is insisted that the case of Everett v. Everett, supra, is in point, as in that case the minutes had not been signed. But by an examination of that case it will be seen that court had been adjourned to court in course on May 2, 1924, and on May 16, 1924, the contestants pre-

sented an amended motion for a new trial to the trial judge, which he entertained and ordered to be marked filed and dated back to May 2nd, the date when the court had been adjourned to court in course. By an examination of the statutes it will be seen that the court had convened in White county on the second Monday in May, hence the term of court had expired by limitation before the amended motion for a new trial was presented to the court. The opinion in that case was treating with the proposition of dating back papers after the court had adjourned, and the proposition of whether the court had a right to rescind a verbal order of adjournment before it was entered on the minutes, was not raised in that case.

An order to adjourn court to court in course has no more weight than any other order or judgment, and the court has as much power to modify or change the order as he has to change a judgment before it is actually entered on the minutes of the court. It is held that a judgment has no judicial effect until it is entered on the minutes, as the judge speaks only through the minutes. Wilkinson v. Brick Corp., supra.

It results that the petition for a writ of certiorari must be denied. Faw, P. J., and DeWitt, J., concur.