IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS FEBRUARY 7, 2002

## DANNY ALVIS v. MANFRED STEINHAGEN, d/b/a INTERNATIONAL AUTO SERVICE

**Direct Appeal from the Circuit Court for Shelby County**
**No. 303174 T.D.; The Honorable Kay S. Robilio, Judge**

_____

**No. W2001-00940-COA-R3-CV - Filed March 27, 2002**

_____

This appeal arises from a claim filed by the Appellee against the Appellant in the General Sessions Court of Shelby County. The claim alleged that the Appellee was entitled to rescission, reformation, and/or damages proximately caused by the Appellant's breach of contract, breach of warranty, fraud, misrepresentations, violations of the Tennessee Consumer Protection Act, and/or unjust enrichment. Following a trial, the general sessions court rendered a verdict in favor of the Appellee. The Appellant appealed the decision to the Circuit Court of Shelby County. Following a trial in the circuit court, the circuit court rendered a verdict in favor of the Appellee and ordered the Appellant to pay discretionary costs.

The Appellant appeals the order of the Circuit Court of Shelby Count rendering a verdict in favor of the Appellee and ordering the Appellant to pay discretionary costs. For the reasons stated herein, we affirm the trial court's decision.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Manfred Steinhagen, Memphis, TN, *pro se*

Kevin A. Snider, Germantown, TN, for Appellee

## MEMORANDUM OPINION[1]

## I. Facts and Procedural History

The Appellee, Danny Alvis ("Mr. Alvis"), took his 1971 VW Bus Westphalia to the Appellant, Manfred Steinhagen ("Mr. Steinhagen") for automotive repairs. Mr. Alvis claimed that the repairs were not properly completed and that he could not properly use his VW Bus after the repairs were completed. On April 6, 1999, Mr. Alvis filed a civil action against Mr. Steinhagen, d/b/a International Auto Service, in the General Sessions Court of Shelby County for rescission, reformation, and/or damages proximately caused by Mr. Steinhagen's breach of contract, breach of warranty, fraud, misrepresentations, violations of the Tennessee Consumer Protection Act, and/or unjust enrichment. On July 1, 1999, the trial was held in general sessions court. The general sessions court rendered a verdict in favor of Mr. Alvis in the amount of $5,428.00 plus court costs. Mr. Steinhagen appealed the decision of the general sessions court to the Circuit Court of Shelby County.

On March 13, 2001, the trial was held in the circuit court. On March 21, 2001, the circuit court entered an order finding that Mr. Steinhagen failed to properly repair Mr. Alvis' VW bus. The circuit court granted Mr. Alvis a judgment against Mr. Steinhagen in the amount of $1,888.84 which included prejudgment interest of $310.84. The circuit court assessed all court costs against Mr. Steinhagen. On April 4, 2001, Mr. Alvis filed a motion for discretionary costs against Mr. Steinhagen. On April 20, 2001, the circuit court held a hearing on the motion for discretionary costs. On April 23, 2001, the circuit court entered an order granting Mr. Alvis' motion for discretionary costs. The circuit court ordered Mr. Steinhagen to pay Mr. Alvis $655.00 in discretionary costs. This appeal followed.

## II. Standard of Review

The standard of review for a non-jury case is *de novo* upon the record. See Wright v. City of Knoxville, 898 S.W.2d 177, 181 (Tenn. 1995). There is a presumption of correctness as to the trial court's factual findings, unless the preponderance of the evidence is otherwise. See TENN. R. APP. P. 13(d). For issues of law, the standard of review is *de novo*, with no presumption of correctness. See Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79, 80 (Tenn. 1996).

## III. Law and Analysis

The following issues, as we perceive them, are presented for our review:

---

[1] Rule 10 (Court of Appeals). Memorandum Opinion.–(b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

1. Whether the trial court erred by granting judgment in favor of Mr. Alvis;
2. Whether the trial court erred by announcing one version of the judgment and signing a different version of the judgment submitted by opposing counsel; and
3. Whether the trial court erred by awarding discretionary costs to Mr. Alvis.

We will examine each issue in turn.

The first issue presented for our review is whether the trial court erred by granting judgment in favor of Mr. Alvis. Mr. Steinhagen argues that the trial court failed to follow established procedure over the trial which resulted in irregularities at the trial. Mr. Steinhagen also argues that the evidence presented at trial failed to support the trial court's decision. Following our review of the record, we are unable to find any evidence of irregularities at the trial or that the trial court failed to follow established procedure. We also find that the evidence does not preponderate against the trial court's factual findings and the grant of a judgment in favor of Mr. Alvis. Accordingly, we find that the trial court did not err by granting judgment in favor of Mr. Alvis.

The second issue presented for our review is whether the trial court erred by announcing one version of the judgment and signing a different version of the judgment submitted by opposing counsel. Mr. Steinhagen argues that the final ruling announced by the trial court after the trial did not conform to the final order signed by the trial court. "A Court speaks only through its written judgments, duly entered upon its minutes. Therefore, no oral pronouncement is of any effect unless and until made a part of a written judgment duly entered." Sparkle Laundry & Cleaners, Inc. v. Kelton, 595 S.W.2d 88, 93 (Tenn. Ct. App. 1979) (citing Massachusetts Mut. Life Ins. Co. v. Taylor Implement & Vehicle Co., 195 S.W. 762 (Tenn. 1917); Broadway Motor Co., Inc. v. Public Fire Ins. Co., 12 Tenn. App. 278 (Tenn. Ct. App. 1930)). Because the trial court's oral ruling was of no effect and we found that the evidence did not preponderate against the trial court's final order, we find that the trial court did not err by announcing one version of the judgment and signing a different version of the judgment submitted by opposing counsel.

The third issue presented for our review is whether the trial court erred by awarding discretionary costs to Mr. Alvis. Mr. Steinhagen argues that the trial court erred by awarding discretionary costs because he timely notified the trial court clerk that he could not attend the hearing on discretionary costs. Mr. Steinhagen also argues that the trial court abused its discretion in awarding discretionary costs. Rule 54.04(2) of the Tennessee Rules of Civil Procedure authorizes the trial court to award discretionary costs and provides, in pertinent part:

> Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion. Discretionary costs allowable are: reasonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions or trials, and guardian ad litem fees; travel expenses are not allowable discretionary costs.

TENN. R. CIV. P. 54.04(2).

Trial courts are vested with wide discretion in awarding discretionary costs, and this Court will not interfere with an award of discretionary costs except upon a clear showing that the trial court abused its discretion. See Placencia v. Placencia, 3 S.W.3d 497, 503 (Tenn. Ct. App. 1999) (citing Perdue v. Green Branch Mining Co., 837 S.W.2d 56, 60 (Tenn. 1992)).

In the case at bar, the trial court awarded the full amount of discretionary costs requested by Mr. Alvis, $655.00, which was the cost for court reporter fees and expert witness fees. We find no evidence in the record that Mr. Steinhagen failed to attend the hearing on discretionary costs. Likewise, we find no evidence that he timely notified the trial court clerk that he was unable to attend the hearing on discretionary costs. Thus, we decline to address Mr. Steinhagen's argument that the trial court erred by awarding discretionary costs because he timely notified the trial court clerk that he could not attend the hearing on discretionary costs. Additionally, we find no evidence that the trial court abused its discretion by awarding discretionary costs. Accordingly, we find that the trial court did not err by granting Mr. Alvis' motion for discretionary costs.

## IV. Conclusion

For the foregoing reasons, the decision of the trial court is affirmed. Costs of this appeal are taxed against the Appellant, Manfred Steinhagen, and his surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE

-4-