IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 1, 2017 Session

## RANDALL LLOYD CASE v. MARY KATHRYN CASE

**Chancery Court for Anderson County**
**No. 12CH4214     M. Nichole Cantrell, Chancellor**

_____

#### No. E2017-02025-COA-R3-CV

_____

The notice of appeal in this case indicates on its face that the appellant is appealing from a decision entered on September 18, 2017. However, there is no final judgment in the proceedings below entered on September 18, 2017, or any other date. Because the case remains pending in the trial court, we lack jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J., D. MICHAEL SWINEY, C.J., AND CHARLES D. SUSANO, JR., J.

Kevin C. Angel, Clinton, Tennessee, for the appellant.

Martha Meares, Maryville, Tennessee, for the appellee.

#### MEMORANDUM OPINION[1]

_____

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

1

This Court was alerted by the Clerk and Master, prior to transmission of the record, that there was no final judgment entered on September 18, 2017, and that the case remained pending in the proceedings below. As a result, and pursuant to Tennessee Rule of Appellate Procedure 13(b), this Court directed the appellant to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction because no final judgment existed from which an appeal as of right would lie. Counsel for the appellant filed a response to the show cause order, acknowledging that there is no final order in the proceedings below and indicating that this is an appeal "dealing with the recusal of the Judge." It is also apparent from correspondence received from counsel for the appellant that there has not yet been a written order entered on the issue of recusal for which the appellant now seeks appeal.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a). Because there is no final judgment resolving all of the claims and issues in the proceedings below, this Court does not have subject matter jurisdiction to adjudicate this appeal. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Although an accelerated interlocutory appeal as of right exists from a written order denying a motion for a judge's disqualification or recusal, such an appeal is initiated with the filing by the appellant of a petition for recusal appeal in compliance with section 2 of Rule 10B of the Rules of the Supreme Court of Tennessee. The instant appeal was initiated by counsel with the filing of a Notice of Appeal directed to an oral ruling of the Chancellor. As this Court observed long ago:

> A judgment must be reduced to writing in order to be valid. It is inchoate, and has no force whatever, until it has been reduced to writing and entered on the minutes of the court, and is completely within the power of the judge or Chancellor.

*Broadway Motor Co., Inc. v. Pub. Fire Ins. Co.*, 12 Tenn. App. 278, 280 (1930). As such, even if this Court were inclined to treat the notice of appeal as a petition for recusal appeal, there is not yet a reviewable judgment of the trial court on the recusal issue.

2

Accordingly, this appeal is dismissed.  Costs on appeal are taxed to the appellant, Randall Lloyd Case, for which execution may issue if necessary.

**PER CURIAM**