

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 17, 2021 Session

## LISA ANN WOODS NEISLER v. GUY WAYNE NEISLER, III

**Appeal from the Circuit Court for McMinn County**
**No. 2019-CV-143   Lawrence Howard Puckett, Judge**
_____

### No. E2020-00761-COA-R3-CV
_____

Father appeals the trial court's order establishing a permanent parenting plan on solely procedural grounds. We affirm the decision of the trial court and award Mother attorney's fees incurred in this frivolous appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN and KENNY ARMSTRONG, JJ., joined.

Matthew C. Rogers, Leah B. Sauceman, and Andrew E. Bateman, Athens, Tennessee, for the appellant, Guy Wayne Neisler, III.

D. Mitchell Bryant, Athens, Tennessee, for the appellee, Lisa Ann Woods Neisler.

### MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## I. FACTUAL AND PROCEDURAL HISTORY

Lisa Ann Woods Neisler ("Mother") filed a complaint for divorce from Guy Wayne Neisler, III ("Father") on April 22, 2019 in the McMinn County Circuit Court ("the trial court"). She also filed a motion to implement a temporary parenting plan and a motion for an ex parte restraining order seeking exclusive use of the marital residence and exclusive care and custody of the parties' two minor children. A hearing on these pretrial requests occurred on April 25, 2019. Eventually, on October 28, 2019, nunc pro tunc to April 25, 2019, the trial court entered an order approving an agreement between the parties, whereby, *inter alia*, Mother would have exclusive use of the martial residence, the parties would not harass each other, the agreed-upon temporary co-parenting schedule would be in effect from April 26, 2019 until the end of summer break, and the parties would engage in mediation. The parties participated in mediation on June 27, 2019, which was unsuccessful in settling the case. Mother filed a motion for a restraining order and other relief on August 26, 2019.

What purported to be a final trial on all issues was held in the trial court on October 25, 2019. No transcript or statement of the evidence from this trial is included in the record on appeal. On December 17, 2019, the trial court entered a written order explaining that it had made oral findings of fact and conclusions of law following trial, sustaining Mother's grounds for divorce, equitably dividing the marital property, and ordering equal parenting time of the parties' children. The trial court further noted that it had received an agreed upon Final Decree of Divorce signed by both parties. The trial court noted, however, that it was declining to enter a permanent parenting plan until after a Guardian ad Litem ("GAL") was "appointed to advocate the best interests of the two minor children." As such, the trial court entered only a temporary parenting plan, the terms of which were consistent with its previous oral ruling, and directed that the matter would be placed on the docket at the earliest possible date "for resolution and establishment of a permanent parenting plan." The trial court further appointed a GAL under rule 40A of the Tennessee Supreme Court Rules in order to advocate for the children's best interest "in [a] further hearing if necessary[.]" The trial court specifically noted that the temporary parenting plan established at the October 25, 2019 hearing "carries no presumption of correctness." The trial court finally noted that it would enter the agreed upon divorce decree consistent with its prior oral ruling upon entry of the permanent parenting plan. The temporary parenting plan attached to the trial court's order awarded each parent 182.5 days of parenting time with the children per year.

On December 17, 2019, the trial court entered a second order entitled "Findings of Fact [and] Conclusions of Law from October 25, 2019 Trial." Therein, the trial court detailed its findings and conclusions regarding the grounds for divorce, the division of property and debts, the temporary parenting plan, and how the parties were to contact and communicate with each other. At the end of this document, the trial court wrote, "This is not a final order."

A second hearing on the issue of parenting time occurred on February 24, 2020. Mother, her counsel, Father, his counsel, and the GAL were present for the hearing. The trial court heard testimony from the parents only. At the conclusion of the hearing, the trial court made oral findings of fact concerning the children's best interests. Ultimately, the trial court orally ruled that Mother would be named primary residential parent, and Father would be awarded alternative weekends and two nights per week of parenting time.

Before the trial court entered a written order on the parenting plan, on March 17, 2020, Mother filed a motion for additional findings, seeking further action from the trial court regarding Father's allegedly ongoing inappropriate behavior. According to Father, Mother's motion was dismissed by order of June 24, 2020.[2]

The trial court entered a final written divorce decree and permanent parenting plan on May 11, 2020. Therein, the court generally adhered to its prior findings and conclusions with regard to the grounds for divorce and the division of marital property.[3] The trial court further explained that it had previously declined to enter a permanent parenting plan without the benefit of a GAL because it "wanted to be certain that the 50/50 co-parenting plan which had been put into place on a temporary basis, with no presumption of correctness[,] would be in the best interest of the minor children." The trial court noted that it had heard further testimony from the parties, considered the recommendations of the GAL, and reviewed further exhibits, comprised of text messages from Father to Mother, which the trial court found "to be very disturbing." The trial court found that Father had behaved inappropriately toward Mother, including attempting to alienate the children from Mother. As such, the trial court ordered that Father was to attend counseling and anger management and was to prohibit certain members of his family from speaking or acting in a derogatory manner toward Mother. Next, the trial court also made specific and detailed findings of fact as to the factors set forth in Tennessee Code Annotated section 36-6-106(a). Based on these factors, the trial court ruled that Mother would be named the children's

---

[2] Unfortunately, the purported June 24, 2020 order is not included in the record on appeal. Without this order, there is some concern as to this Court's subject matter jurisdiction. *See **Bayberry Assocs. v. Jones**, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."); *see also* Tenn. R. App. P. 3(a) (providing for appeals of "every final judgment" entered in a civil action). We note, however, that nowhere in her brief does Mother dispute that this order was entered or that the motion was not resolved in her favor. And this motion and the purported order adjudicating it have no bearing on this appeal. Instead, as discussed *infra*, this appeal concerns only a narrow, procedural issue that is easily adjudicated even in the absence of this purported order. Thus, to the extent that the absence of this order implicates our subject matter jurisdiction, we exercise our discretion under Rule 2 of the Tennessee Rules of Appellate Procedure to suspend the finality requirement for purposes of expediting this appeal. *See id.* (holding that the finality requirement of Rule 3(a) the Tennessee Rules of Appellate Procedure could be waived under Rule 2) (citing Tenn. R. App. P. 2 (allowing the suspension of our appellate procedure rules for good cause, except as to certain rules not applicable here)).

[3] The trial court made some additional findings as to the grounds for divorce, which are not at issue in this appeal.

primary residential parent, the parties would have joint decision-making authority, and Father would be awarded alternating weekend and weekly visitation with the children after school. The trial court also ordered the parties to refrain from communicating except as it concerned the children. The trial court finally ordered that each party would be responsible for his or her own attorney's fees.

Father timely appealed.

## II.   ISSUES PRESENTED

Father raises one issue on this appeal, which is taken from his brief: "Whether the Circuit Court erred in sua sponte converting the Court's ruling from the October 25, 2019 final hearing into a Temporary Order, and having an additional February 24, 2020 hearing, resulting in the Order now being appealed." In the posture of appellee, Mother seeks an award of the attorney's fees incurred in this appeal.

## III.   ANALYSIS

In this case, Father presents a single, narrow issue that only concerns the trial court's authority and jurisdiction to take the specific action that it did— that is, (1) to hold a purported final hearing on the issue of parenting time, at which time the trial court issued an oral ruling giving each party equal parenting time; (2) later to decline to enter a permanent parenting plan consistent with the prior oral ruling and instead designate its prior oral ruling on parenting time as merely temporary; and (3) to order an additional hearing on the issue of parenting time and, following which, issue a permanent parenting plan materially different from the earlier oral ruling. Thus, the correctness of the trial court's best interest determination is not at issue in this appeal. Rather, we are only concerned with the procedure that the trial court utilized in issuing its successive rulings.

In short, Father contends that the trial court lacked both subject matter jurisdiction and authority to alter its October 25, 2019 oral ruling when it entered the December 17, 2019 orders. In support, Father cites *Hodge v. Hodge*, No. M2006-01742-COA-R3-CV, 2007 WL 3202769, at *3 (Tenn. Ct. App. Oct. 31, 2007), which he asserts supports his theory that the trial court "lost [] jurisdiction" over "the closed domestic relations file." Father's argument is predicated on a fundamental misunderstanding of both Tennessee law and the procedural posture of the underlying case at the time the trial court entered the first December 17, 2019 order.

It is true that a trial court loses subject matter jurisdiction to sua sponte alter its final order thirty days after its entry. *See* Tenn. R. Civ. P. 59.05 (allowing the trial court to, sua sponte, correct a judgment, within thirty days of its entry). Father's argument that the trial court lost jurisdiction to alter its October 25, 2019 oral ruling, however, ignores the fact that this oral ruling did not constitute a final judgment.

- 4 -

Tennessee law is well-settled that "the court speaks through its order[s] not through the transcript." *In re Adoption of E.N.R.*, 42 S.W.3d 26, 31 (Tenn. 2001); *Palmer v. Palmer*, 562 S.W.2d 833, 837 (Tenn. Ct. App. 1977). As we have explained,

> A judgment must be reduced to writing in order to be valid. It is inchoate, and has no force whatever, until it has been reduced to writing and entered on the minutes of the court, and is completely within the power of the judge or Chancellor. A judge may modify, reverse, or make any other change in his judgment that he may deem proper, until it is entered on the minutes . . . .

*Hommerding v. Hommerding*, No. M2008-00672-COA-R3-CV, 2009 WL 1684681, at *10 (Tenn. Ct. App. June 15, 2009) (quoting *Broadway Motor Co. v. Pub. Fire Ins. Co.*, 12 Tenn. App. 278, 280 (Tenn. Ct. App. 1930)). As such, "no oral pronouncement is of any effect unless and until made a part of a written judgment duly entered." *Sparkle Laundry & Cleaners, Inc. v. Kelton*, 595 S.W.2d 88, 93 (Tenn. Ct. App. 1979) (citations omitted); *see also* *Blackburn v. Blackburn*, 270 S.W.3d 42, 49 (Tenn. 2008) (citing Tenn. R. Civ. P. 58) (holding that the common law rule that judgments had to be reduced to writing to be valid survived the adoption of the Tennessee Rules of Civil Procedure). Until the trial court enters a final order, the case "remain[s] in the bosom of the trial court, and any rulings . . . may be modified at any time before a final order is entered." *Wall v. Wall*, No. W2010-01069-COA-R3-CV, 2011 WL 2732269, at *22 (Tenn. Ct. App. July 14, 2011) (citing *Greer v. Greer*, No. W2009-01587-COA-R3-CV, 2010 WL 3852321, at *6 n.7 (Tenn. Ct. App. Sept. 30, 2010)).

Thus, the trial court's oral ruling at the October 25, 2019 trial was subject to sua sponte modification or revision by the trial court until such time as a final written judgment was entered.[4] This case is therefore disguisable from *Hodge*, wherein the trial court sua sponte altered a final, written order. 2007 WL 3202769, at *1 (noting that a final order was entered in March 2003, no appeal was taken, and the trial court's action in altering the order occurred more than two years later). In this case, however, no final, written order had been entered at the time the trial court entered either order on December 17, 2019, modifying its earlier oral pronouncement. The trial court therefore had both the subject matter jurisdiction and the authority to alter its previous oral finding and to order an additional hearing on the matter at that time. Because Father has not taken issue with the trial court's decision on the merits and his sole argument on appeal is devoid of merit,[5] we conclude

---

[4] And then for an additional thirty days thereafter. *See* Tenn. R. Civ. P. 59.05.

[5] Husband also insinuates in his brief that the trial court's action raises "the specter that the resulting written decree did not represent the [c]ourt's own deliberations and decisions." While it is true that a trial court's decision must be the product of the trial court's own independent judgment, *see generally* *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303 (Tenn. 2014), Husband's argument to this effect is nothing more than skeletal. *See* *Sneed v. Bd. of Prof'l Resp. of Supreme Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him

that the trial court's judgment should be affirmed.

Mother raises an additional issue, however—that she should be awarded the attorney's fees she incurred in this appeal under Tennessee Code Annotated section 27-1-122:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

A frivolous appeal is one in that is devoid of merit or has no reasonable chance of success. *Robinson v. Currey*, 153 S.W.3d 32, 42 (Tenn. Ct. App. 2004). Here, Father's argument simply has no reasonable basis in either fact or law. Moreover, he has not asserted that the trial court committed a single substantive error in its determination of the children's best interest, other than his ill-conceived and wholly unsuccessful quarrel with the procedure that the trial court utilized in entering its final order. In other words, Father's appeal is utterly devoid of merit. As such, we exercise our discretion to award Mother her reasonable attorney's fees and expenses incurred in defending this appeal. We therefore remand this case to the trial court for a determination of this amount.

## IV.    CONCLUSION

The judgment of the McMinn County Circuit Court is affirmed, and this cause is remanded for the determination of the reasonable attorney's fees and expenses that Mother incurred in this appeal. Costs of this appeal are taxed to Appellant, Guy Wayne Neisler, III, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

---

or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived."). Moreover, unlike the party-prepared order at issue in *Smith*, nothing in the record on appeal indicates that the trial court's decision to alter its previous oral ruling was the product of anything other than its own careful, considered judgment. Accordingly, to the extent that Father's brief can be read to raise this argument, it also lacks merit.