IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 26, 2021 Session

# ARON J. AUSTIN v. SOUTHERN ROOFING & RENOVATIONS LLC ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-1250-20      Rhynette N. Hurd, Judge**

———————————————————

**No. W2020-01160-COA-R3-CV**

———————————————————

Appellant filed suit against Appellees concerning purported violations of his constitutional rights, among other allegations. The trial court ultimately dismissed the case based on insufficiency of service of process and that Appellant's claims failed to state a claim as a matter of law. Appellant now appeals. Based on our review of the record, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Aron J. Austin, Millington, Tennessee, Pro se.

Richard Glassman and Lauran Stimac, Memphis, Tennessee, for the appellees, Nicholas Joseph Tansey and The Tansey Law Firm.

**MEMORANDUM OPINION**[1]

**BACKGROUND AND PROCEDURAL HISTORY**

---

[1] Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This appeal arose from a lawsuit for breach of contract brought by Southern Roofing & Renovations LLC ("Southern Roofing") against Aron J. Austin ("Appellant") in the Shelby County General Sessions Court ("General Sessions Court"). In that case, Southern Roofing was represented by Nicholas Tansey and The Tansey Law Firm (hereinafter collectively referred to as "Appellees"). The lawsuit resulted from Appellant's purported failure to make payments for services rendered by Southern Roofing. Ultimately, the General Sessions Court entered a default judgment against Appellant. Appellant thereafter appealed the matter de novo to the Shelby County Circuit Court ("Circuit Court").[2]

After filing his appeal in the Circuit Court, Appellant filed a separate lawsuit, which is the case before us on appeal, in the Circuit Court against Southern Roofing, Appellees, and several other parties. In this separate Circuit Court lawsuit, Appellant argued that Appellees, in serving as counsel for Southern Roofing in the General Sessions case, engaged in unfair or deceptive acts, used falsified/forged documents in a legal proceeding, violated his constitutional rights under the Tennessee Constitution and the Fifth and Fourteenth amendments to the United States Constitution, discriminated against him on the basis of his race, violated procedural due process rights, and aided and abetted in the course of a forgery, among other allegations which are not at issue in this appeal.[3]

In response to Appellant's complaint, Appellees filed a motion to dismiss pursuant to Rule 12 of the Tennessee Rules of Civil Procedure, contending that all of Appellant's claims should be dismissed due to insufficient service of process and failure to state a claim upon which relief could be granted. At a hearing on July 30, 2020, the Circuit Court issued an oral ruling dismissing Appellant's claims pursuant to both grounds argued by Appellees. Appellant filed a notice of appeal with this Court the same day that the Circuit Court made its oral ruling. On August 6, 2020, the Circuit Court entered a written order memorializing its oral ruling. In this order, the Circuit Court found that Appellant's claims had no legal merit and further stated that "[Appellant] has failed to comply with the requirements for service of process set forth in Rule 4 of the Tennessee Rules of Civil Procedure as to [Appellees]."[4] In its written order, the Circuit Court stated it was directing entry of a final judgment as to Appellees and that there was "no just reason for delay" in doing so. Appellant then filed a second notice of appeal with this Court on August 27, 2020.[5]

---

[2] As far as this Court is aware, the appeal from General Sessions is still pending as CT-1601. The matters at issue in Appellant's separate appeal from General Sessions Court are not of concern in this appeal.

[3] Although Appellant set forth numerous issues before the trial court and before this Court in his brief, we have condensed and restated the issues, as will be seen below, to those we have determined were actually argued by Appellant.

[4] On appeal, Appellant does not contest the trial court's finding regarding insufficient service of process. Although Appellees raise this independently as a separate issue, because we find that Appellant's claims on appeal have no legal merit and thus result in a dismissal of the case with prejudice, we pretermit Appellees' issue concerning an alternative disposition.

[5] Initially included as parties in this appeal, in addition to Appellees, were Southern Roofing, certain defendants affiliated with Southern Roofing, and State Farm Fire & Casualty Company. On May 13, 2021,

**ISSUES PRESENTED**

Appellant raises several issues on appeal which we have condensed and restated as follows:

1. Whether the Circuit Court had jurisdiction to enter an order memorializing a prior oral ruling when Appellant had already filed a notice of appeal.
2. Whether the Circuit Court erred in dismissing Appellant's claims against Appellees for violation of his rights under the Fifth and Fourteenth Amendments.
3. Whether the Circuit Court erred in dismissing Appellant's claim for violation of Tennessee Code Annotated section 39-14-114 because it does not offer a private right of action.
4. Whether the Circuit Court erred in deeming Appellant's claims res judicata.

**STANDARD OF REVIEW**

As evidenced by our discussion in this Opinion, we conclude that resolution of Appellees' motion to dismiss for failure to state a claim is dispositive of the underlying action.[6] A motion to dismiss a complaint pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure tests "only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Woodruff by and through Cockrell v. Walker*, 542 S.W.3d 486, 493 (Tenn. Ct. App. 2017) (quoting *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011)). The resolution of a Rule 12.02(6) motion is "determined by an examination of the pleadings alone." *Id.* This Court reviews a trial court's resolution of a Rule 12.02(6) motion to dismiss de novo with no presumption of correctness. *Id.* (citing *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 308 (Tenn. 2012)).

Additionally, Appellant challenges the Circuit Court's jurisdiction in entering its final order in this matter. "A determination of whether a trial court had subject matter jurisdiction is a question of law that we review de novo, without affording a presumption

this Court entered a show cause order stating that it appeared there was not a final judgment entered in the trial court relating to the aforementioned parties and that Appellant was to "obtain final judgments against all the named Appellees . . . or file for voluntary dismissal of all parties for which there is not a final judgment." On May 20, 2021, Appellant filed "Plaintiffs' [sic] Notice of Voluntary Dismissal Without Prejudice" and requested voluntary dismissal of all of the parties other than Appellees. Thereafter, on June 4, 2021, this Court entered an order granting the motion for voluntary dismissal. As such, the order noted that "[t]he appeal will proceed against the only Appellees remaining: Nicholas Tansey and the Tansey Law Firm." Therefore, the matters at issue in this appeal will relate only to those involving Nicholas Tansey and the Tansey Law Firm.

[6] As we noted previously, Appellees raise, as a separate issue, the Circuit Court's dismissal of Appellant's claims for insufficient service of process as an alternative disposition to this appeal. Again, because Appellant's claims have no legal basis and warrant the Circuit Court's dismissal of his cause of action, we pretermit Appellees' issue concerning insufficiency of service of process.

of correctness to the trial court's finding." *Freeman v. Freeman*, 579 S.W.3d 1, 4 (Tenn. Ct. App. 2018) (citing *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 446 (Tenn. 2012)).

## DISCUSSION

*Whether the Circuit Court Had Jurisdiction to Enter an Order Memorializing a Prior Oral Ruling When Appellant Had Already Filed a Notice of Appeal*

Appellant's first issue on appeal concerns whether the Circuit Court had jurisdiction over the case when it entered its August 6, 2020, written order memorializing its previous July 30, 2020, oral ruling. Specifically, Appellant contends that when he filed his initial notice of appeal following the Circuit Court's oral ruling, but prior to entry of its written order memorializing the oral ruling, jurisdiction over the matter transferred to this Court. Respectfully, we disagree.

Unless an appeal lies from an interlocutory order provided by our rules or by statute, this Court has jurisdiction over **final judgments only**. *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) (citing *Aetna Cas. & Sur. Co. v. Miller*, 491 S.W.2d 85 (Tenn. 1973)). "It is well-settled that a trial court speaks through its written orders . . . and that the appellate court reviews the trial court's written orders." *Williams v. City of Burns*, 465 S.W.3d 96, 119 (Tenn. 2015) (quoting *Anil Constr. Inc. v. McCollum*, No. W2013-01447-COA-R3-CV, 2014 WL 3928726, at *8 (Tenn. Ct. App. Aug. 7, 2014)). "A judgment must be reduced to writing in order to be valid. It is inchoate, and has no force whatever, until it has been reduced to writing and entered on the minutes of the court, and is completely within the power of the judge or Chancellor." *Cunningham v. Cunningham*, No. W2006-02685-COA-R3-CV, 2008 WL 2521425, at *5 (Tenn. Ct. App. June 25, 2008) (quoting *Broadway Motor Co. v. Fire Ins. Co.*, 12 Tenn. App. 278, 280 (Tenn. Ct. App. 1930)).

Here, we conclude that the Circuit Court's oral ruling did not constitute a final appealable order, as it was not a written order. Again, as this Court noted in *Cunningham*, in order to constitute a valid order, a judgment "must be reduced to writing and entered on the minutes of the court." *Cunningham*, 2008 WL 2521425, at *5 (quoting *Broadway Motor Co.*, 12 Tenn. App. at 280). Thus, we conclude that the final order as to the issues in this appeal is the Circuit Court's written order entered on August 6, 2020. As such, this matter did not become appealable until the entry of that order. "A prematurely filed notice of appeal shall be treated as filed after the entry of the judgment from which the appeal is taken and on the day thereof." Tenn. R. App. P. 4(d). As the Circuit Court's oral ruling did not constitute a final judgment, Appellant's notice of appeal filed that same day is to be treated as filed after the entry of the Circuit Court's written order. Contrary to Appellant's argument, because the oral ruling did not constitute a final appealable order, the Circuit Court retained jurisdiction over the matter until it entered its final written order.

*See Wilkes v. Shaw Enters., LLC*, No. M2006-01014-COA-R3-CV, 2008 WL 695882, at *12 (Tenn. Ct. App. Mar. 14, 2008) (finding that an appellant's prematurely filed notice of appeal did not divest the trial court of jurisdiction).

*Whether the Circuit Court Erred in Dismissing Appellant's Claims Against*
*Appellees for Violation of His Rights Under the Fifth and Fourteenth Amendments*

Appellant also contends that the Circuit Court erred in dismissing his claims against Appellees for violation of his rights under the Fifth and Fourteenth Amendments. Specifically, Appellant argues that the United States Constitution[7] provides him with a right of action for purported constitutional violations.

It is well-settled that the Due Process Clauses referenced in both the Fifth and Fourteenth Amendments provide protection for individuals against governmental action. Indeed, "[t]he Due Process Clause of the Fourteenth Amendment provides that '[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law.'" *DeShaney v. Winnebago Cty. Dep't Soc. Servs.*, 489 U.S. 189, 194 (1989). However, there is nothing contained in the language of the Due Process Clause of the Fourteenth Amendment which "requires the State to protect the life, liberty, and property of its citizens against invasion by **private actors**." *Id.* at 195 (emphasis added). The same is also true of the Due Process Clause of the Fifth Amendment. *See Davis v. City of Memphis Fire Dep't*, 940 F. Supp. 2d 786, 802 (W.D. Tenn. 2013) ("[T]he Due Process Clause of the Fifth Amendment applies only to instrumentalities of the federal government."). Therefore, in order for Appellant to sustain an action for constitutional violations under the Due Process Clauses of the Fifth and Fourteenth Amendments, any alleged injuries must be predicated on the actions of a state actor rather than a private citizen. The allegations at issue in this lawsuit do not state a claim for such relief. Rather, here, Appellees consist of the opposing counsel and his law firm in Appellant's separate breach of contract matter. There is nothing in the allegations of Appellant's complaint to support the notion that Appellees constitute state actors. Appellant concedes this point in his brief, stating, "[n]one of the parties to the action[] are government actors or employed [by] the government."[8]

---

[7] We note that in Appellant's issues presented section, he contends that he is also afforded a right of action pursuant to the Tennessee Constitution in which he may seek recourse for Appellees' purported constitutional violations. However, we find no reference to the Tennessee Constitution, nor any argument pertaining to it in Appellant's brief, outside of his issue statement. Rule 27(a) of the Tennessee Rules of Appellate Procedure provides that a brief must contain an argument "setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on." Failure on the part of a party to do so invites a finding of waiver of the issues wherein there is no compliance with Rule 27(a). *See Bean v. Bean*, 40 S.W.3d 52, 53–55 (Tenn. Ct. App. 2000). As such, we find any contention by Appellant as it relates to the Tennessee Constitution waived.

[8] Appellant takes issue with the Circuit Court's application of United State Code Title 42, Section 1983 to his claims. Of course, the Circuit Court was applying section 1983 because this is the only manner in which Appellant may seek recourse for purported constitutional violations. *See Brent v. Wayne Cty.*

Insofar as Appellant's claims of constitutional violations are predicated on the actions of private parties and not state actors, we find that there exists no cause of action for which Appellant may seek recourse.[9]

*Whether the Circuit Court Erred in Dismissing Appellant's Claim for Violation of Tennessee Code Annotated Section 39-14-114*

Appellant also argues that the Circuit Court erred in dismissing his claim regarding a violation of Tennessee Code Annotated section 39-14-114, a criminal statute pertaining to forgery.

Here, the Circuit Court dismissed Appellant's claim by stating that it "fails as a matter of law because there is no private right of action in Tennessee for violation of that statute." In his brief, Appellant does not challenge the Circuit Court's finding as to the lack of a private right of action. Indeed, Appellant offers no argument or support as to why his forgery claim brought under section 39-14-114 should be treated as a private cause of action. This briefing issue notwithstanding, we note that other courts have concluded that section 39-14-114 is a criminal statute that offers no private right of action. *See Holt v. Macy's Retail Holdings, Inc.*, 719 F. Supp. 2d 903, 915 (W.D. Tenn. 2010); *see also Daee v. JPMorgan Chase Bank, N.A.*, No. 3:13-1332, 2016 WL 7742807, at *6 (M.D. Tenn. May 18, 2016) (noting that there is no private right of action for the criminal statute pertaining to forgery). Based on the foregoing, we find no error on the part of the Circuit Court in dismissing this claim.

*Whether the Circuit Court Erred in Deeming Appellant's Claims Res Judicata*

Appellant next argues that the Circuit Court erred in applying the doctrine of res judicata to his claims. However, based upon our review of the record, we find no indication that the Circuit Court ever applied the doctrine of res judicata to Appellant's claims within the order that is the subject of our current review. Indeed, there is nothing in the Circuit Court's order granting Appellees' motion to dismiss discussing res judicata as it relates to the claims now before this Court. Instead, we note that, in a separate order, the Circuit

---

*Dep't of Human Servs.*, 901 F.3d 656, 683 (6th Cir. 2018) ("[T]he Fourteenth Amendment does not create a private right of action; instead, '§ 1983 provides a cause of action for all citizens injured by an abridgement of th[e] protections' set forth in [the Equal Protection and Due Process Clauses of the Fourteenth Amendment."). We conclude that a section 1983 claim would fail as Appellees are private actors.

[9] In his issues presented section, Appellant also alludes to violations of his constitutional rights pursuant to the Equal Protection Clause. However, Appellant does not present any argument for this contention in his brief on appeal. Nevertheless, the same analysis stated here concerning a private right of action under the Due Process Clauses of the Fifth and Fourteenth Amendments is also applicable to claims arising under the Equal Protection Clause. *See Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998) (citing *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163 (1972)) ("[T]he Equal Protection Clause prohibits only discrimination by the State, not by a private actor.").

Court applied res judicata as it pertained to Appellant's claims against another party to the lawsuit, Southern Roofing. As we discussed previously in this Opinion, Southern Roofing is not a party to this appeal. Therefore, any argument as to the application of res judicata as to Appellant's claims against Southern Roofing is not properly before this Court, and we decline to address it in this appeal.

## CONCLUSION

Based on the foregoing, we affirm the Circuit Court's dismissal of Appellant's claims.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE